OPINION
{¶ 1} Plaintiff-appellant, J. Patrick Bryan, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Kenneth DiBella. Because there are no disputed material issues of fact and appellee is entitled to judgment as a matter of law, we affirm.
 {¶ 2} The relevant facts are not disputed. On November 7, 2001, Bridge Benefits, Inc., ("Bridge") was incorporated as a Delaware corporation for the purpose of conducting business as a third-party administrator for health care and other employee *Page 2 
benefit plans for self-insured employers. Appellee is the director and president of Bridge as well as the majority shareholder.
 {¶ 3} On or about May 23, 2002, Bridge entered into a shares exchange agreement with Stateline TPA, Inc. ("Stateline") pursuant to which Bridge exchanged certain shares of its common stock for all the shares of Stateline. Appellant was a shareholder of Stateline. As a result of the exchange, appellant received 144,000 class A shares of Bridge. Later, appellant also received 10,000 class B shares of Bridge.
 {¶ 4} In early 2005, appellee and another officer of Bridge entered into negotiations with CBCA Administrators, Inc. ("CBCA") to purchase Bridge's assets. These negotiations resulted in an asset purchase agreement between Bridge and CBCA. The asset purchase agreement was approved by written action in lieu of a meeting of the shareholders on May 24, 2005. Pursuant to the asset purchase agreement, CBCA purchased all of Bridge's assets and agreed to pay a significant portion of Bridge's debt. At the time of the asset purchase, the shareholders of Bridge were appellee, appellant, Rodney E. Napier, Frank Gates Service Company, OMAC Agency, Inc., and Richard DeLuca.
 {¶ 5} Appellee is still the majority shareholder of Bridge as well as an officer and director. Appellant still owns shares in Bridge and is entitled to receive a proportional distribution after CBCA satisfies its obligations under the asset purchase agreement.
 {¶ 6} Soley in his individual capacity as a shareholder, appellant filed a complaint against appellee and two other defendants in the Lucas County Court of Common Pleas. The Lucas County Court subsequently transferred the case to the Franklin County Court of Common Pleas. Without alleging any specific facts, appellant generally asserted that *Page 3 
appellee and the two other defendants breached their fiduciary duties in connection with the operation of Bridge and the sale of Bridge's assets to CBCA.
 {¶ 7} Thereafter, appellant dismissed his claim against the two other defendants, leaving appellee as the sole defendant. Ultimately, appellant filed a trial brief in which he more specifically articulated the basis for his breach of fiduciary duty claim. In essence, appellant asserted that appellee failed to take steps to ensure that Bridge received fair value for its assets from CBCA and that CBCA would pay the agreed-upon purchase price. Appellant also alleged that appellee violated his fiduciary duty by transferring Bridge's assets/money to an entity called Mind-Peace, Inc. ("Mind-Peace") that appellee also owned and operated.
 {¶ 8} Appellee filed a motion for summary judgment arguing that the claims articulated by appellant were claims that only Bridge could bring. Because appellant asserted only a direct claim in his individual capacity, rather than a derivative claim on behalf of Bridge, appellee argued that he was entitled to judgment as a matter of law. The trial court agreed and granted summary judgment in appellee's favor on April 18, 2008.
 {¶ 9} Appellant appeals and assigns the following errors:
 I. The Court Erred in Granting Summary Judgment To Defendant-Appellee By Finding That Plaintiff-Appellant Had Not Suffered A Special Injury As Defined Under Delaware Law.
 II. The Court Erred in Finding That Under Delaware Law Plaintiff Could Not Recover Punitive Damages.
 {¶ 10} An appellate court's review of summary judgment is conducted under a de novo standard. Andersen v. Highland House Co.,93 Ohio St.3d 547, 548, 2001-Ohio-1607; *Page 4 Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41. "`When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court.'" Abrahams v. Worthington, 169 Ohio App.3d 94,2006-Ohio-5516, at ¶ 11, quoting Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ. R. 56; Gilbert v. SummitCty., 104 Ohio St.3d 660, 2004-Ohio-7108, at ¶ 6; State ex rel. Grady v.State Emp. Relations Bd. (1997), 78 Ohio St.3d 181.
 {¶ 11} When seeking summary judgment on the ground that the nonmoving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The moving party does not discharge this initial burden under Civ. R. 56 by simply making a conclusory allegation that the nonmoving party has no evidence to prove its case. Id. Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ. R. 56(C) that the nonmoving party has no evidence to support its claims. Id. If the moving party meets this initial burden, then the nonmoving party has a reciprocal burden outlined in Civ. R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the *Page 5 
nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Id.; Vahila v. Hall
(1997), 77 Ohio St.3d 421, 430; Castrataro v. Urban (Mar. 7, 2000), Franklin App. No. 99AP-219.
 {¶ 12} Because Bridge is a Delaware corporation, the parties agree that Delaware law applies to appellant's claim that appellee breached his fiduciary duties to Bridge shareholders in connection with appellee's management of Bridge and the sale of its assets. The trial court agreed that Delaware law applied to appellant's substantive claim. We also agree.
 {¶ 13} In accordance with the internal affairs doctrine, [1] "the law of the state of incorporation normally determines issues relating to the internal affairs of a corporation." First Natl. City Bank v. BancoPara el Comercio Esterior de Cuba (1983), 462 U.S. 611, 621, 103 S.Ct. 2591, citing Restatement of the Law 2d, Conflict of Laws (1971) 306-10 Section 302, Comments a and e (emphasis omitted). See, also, State ex rel. Petrov. Gold, 166 Ohio App.3d 371, 2006-Ohio-943, at ¶ 47 (quoting FirstNatl. City Bank); Restatement of the Law 2d, Conflict of Laws (1971) 332-34, Section 309 (stating that, generally, the local law of the state of incorporation will be applied to determine the existence and extent of a director's or officer's liability to the corporation, its creditors and shareholders, including the determination of whether this liability runs to the corporation, or to the creditors or the shareholders). Because appellant's claim relates to the internal affairs of Bridge, we will apply Delaware law. *Page 6 
 {¶ 14} In his first assignment of error, appellant contends that the trial court erred when it found that appellant's claim was derivative in nature, and therefore, could only be brought as a shareholder derivative action. We disagree.
 {¶ 15} To determine whether a claim is direct or derivative under Delaware law, a court must answer the following questions: "Who suffered the alleged harm — the corporation or the suing stockholder individually — and who would receive the benefit of the recovery or other remedy?"Tooley v. Donaldson, Lufkin Jenrette, Inc. (Del. 2004), 845 A.2d 1031,1035. A stockholder can bring a direct claim only if the alleged injury is independent of the injury to the corporation. "The stockholder must demonstrate that the duty breached was owed to the stockholder and that he or she can prevail without showing an injury to the corporation." Id. at 1039. If the corporation suffered the injury and would benefit from any recovery or remedy, the claim is derivative. Therefore, the issue before us is whether appellant has alleged the breach of a duty by appellee that resulted in an injury to him that is independent from the injury to Bridge. We conclude that appellant has not alleged such an injury.
 {¶ 16} Appellant contends that appellee breached his fiduciary duty by: (1) failing to insure that Bridge received fair value for its assets from CBCA; (2) failing to insure that CBCA would pay the agreed-upon purchase price for Bridge's assets; and (3) transferring Bridge assets/money to Mind-Peace an entity appellee also owned and operated. Appellee asserts that these allegations demonstrate that appellant cannot bring a direct claim in his individual capacity. We agree.
 {¶ 17} It is undisputed that Bridge still exists as a legal entity. It is also undisputed that appellant is still a shareholder of Bridge and is entitled to receive a proportional *Page 7 
distribution after CBCA makes payment on its obligation to Bridge and all Bridge's liabilities have been paid. Appellant's allegation that appellee breached his fiduciary duty by failing to obtain fair value for Bridge's assets is an injury to Bridge. Bridge would also be the direct beneficiary of any recovery. Therefore, the failure to obtain fair value for Bridge's assets does not injure appellant independently from Bridge. For the same reasons, appellee's alleged failure to force CBCA to immediately pay the agreed-upon purchase price for Bridge's assets also involves an injury to Bridge. Therefore, neither of these allegations permit appellant to bring a direct claim. Appellant's remedy for these claims is a derivative action on behalf of Bridge. Tooley, supra.
 {¶ 18} Appellant's claim that appellee breached his fiduciary duty to Bridge and its shareholders by improperly transferring Bridge's assets/money to Mind-Peace is also a derivative claim. Misappropriating Bridge's assets is an injury to Bridge. Tooley, supra, at 1038, citingKramer v. Western Pacific Industries, Inc. (Del. 1988), 546 A.2d 348,352. (holding that mismanagement of corporation assets is a derivative claim.) Therefore, appellant's claim that appellee improperly transferred Bridge's assests/money to Mind-Peace is derivative in nature and can only be brought in the name of the corporation, not by appellant as a direct claim.
 {¶ 19} Appellant argues that he suffered a special injury because he was the only one of the three Bridge shareholders who was not subsequently employed by CBCA. However, the court in Tooley expressly disapproved of the use of the concept "special injury" as a tool in analyzing whether a claim is direct or derivative. Id. at 1035. As we previously stated, the applicable test is whether the alleged injury to the stockholder is *Page 8 
independent of the injury to the corporation. Therefore, appellant's reliance on the concept of "special injury" is misplaced.
 {¶ 20} We also note that appellant does not explain the connection between appellee's alleged breach of fiduciary duty and the injury appellant alleged he suffered because he was not offered employment by CBCA. Appellant has not alleged that appellee's employment with CBCA reduced the price CBCA paid for Bridge's assets. Even if appellant had made this allegation, the injury would have been to Bridge, and therefore, the claim would have been derivative.
 {¶ 21} Appellant asserted only direct claims against appellee. Because there are no material issues of fact and because appellant's claims are clearly derivative in nature, we agree with the trial court that appellee is entitled to judgment as a matter of law. Therefore, we overrule appellant's first assignment of error.
 {¶ 22} In his second assignment of error, appellant contends that the trial court erred in finding that, under Delaware law, he could not recover punitive damages. Because we have determined that appellee is entitled to judgment on appellant's claims as a matter of law, appellant's second assignment of error is moot.
 {¶ 23} For the foregoing reasons, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and BROWN, JJ., concur.
[1] The internal affairs doctrine is a conflict of laws principle which recognizes that only one state should have the authority to regulate a corporation's internal affairs. A corporation's internal affairs include matters peculiar to the relationship among or between the corporation and its current officers, directors, and shareholders. "[O]therwise a corporation could be faced with conflicting demands."Edgar v. MITE Corp. (1982), 457 U.S. 624, 645, 102 S.Ct. 2629. See, also, Restatement of the Law 2d, Conflict of Law (1971) 307-08, Section 302, Comment b; Restatement of Law 2d, Conflict of Law (1971) 332-34, Section 309. *Page 1