CUNNINGHAM, P.J., and HENDON and MALLORY, JJ., concur.

In re ALL CASES AGAINST SAGER CORPORATION;
Sager Corporation, Appellant.

[Cite as In re All Cases Against Sager Corp., 188 Ohio App.3d 796, 2010-Ohio-3872.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93567.

Decided Aug. 19, 2010.

---

Ulmer & Berne, L.L.P., Bruce P. Mandel, and Max W. Thomas; and Troutman Sanders, L.L.P., Patrick F. Hofer, and Jeffrey Orenstein, for appellant.

Bevan & Associates, L.P.A., Inc., Thomas W. Bevan, Patrick M. Walsh, John D. Mismas, and Joshua P. Grunda, for appellee.

JAMES J. SWEENEY, Judge.

{¶ 1} Appellant, Sager Corporation ("Sager"), appeals from the trial court's order that granted the motion to appoint a receiver of appellee, Bevan & Associates, L.P.A., Inc. ("Bevan").[1] For the reasons that follow, we affirm.

{¶ 2} According to the record, Sager incorporated in Illinois in 1921 and, as part of its business, made products with asbestos materials, such as gloves and curtains. Sager benefitted from the sale of its asbestos-containing products in Ohio. Sager obtained an Illinois Certificate of Dissolution on June 17, 1998. Since then, Ohio citizens, represented by Bevan and other law firms, have commenced claims against Sager in Cuyahoga County following the manifestation of their asbestos-related injuries.

{¶ 3} Bevan believes that despite Sager's dissolution, certain of its assets remain in existence in the form of unexhausted insurance policies. It is alleged that these assets may afford coverage to the Ohio asbestos litigants for injuries suffered as a result of exposure to Sager's products. It is further alleged that Sager acquired these assets for this very purpose.

---

1. Other plaintiffs joined this motion and petitioned the court to appoint a receiver for Sager.

{¶ 4} In February 2009, Bevan moved the court to appoint an Ohio receiver for Sager to wind up the affairs and accept service of process. Sager, who had entered an appearance in at least one civil suit,[2] opposed the motion, arguing that it was not subject to suit and its belief that Ohio law precluded appointment of an Ohio receiver for a dissolved foreign corporation.

{¶ 5} The trial court granted the motion to appoint a receiver after considering both briefing and oral arguments on the matter. Sager appeals the trial court's decision pursuant to R.C. 2505.02(B)(2), presenting the following error for our review:

{¶ 6} "I. The trial court erred in granting a motion to appoint a receiver and in appointing an Ohio receiver on behalf of Sager Corporation, a dissolved Illinois Corporation * * * in violation of Ohio choice-of-law rules, Ohio Statutes, Ohio jurisprudence, and the United States Constitution."

{¶ 7} The appeal before us has the peculiar procedural posture of the receivership being the only issue. We review a trial court's order appointing a receiver under the deferential abuse-of-discretion standard. *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 573 N.E.2d 62.

### A. Jurisdiction

{¶ 8} The appointment of receivers by the court of common pleas is governed by the provisions of R.C. 2735.01, which provide as follows:

{¶ 9} "A receiver may be appointed by the supreme court or a judge thereof, the court of appeals or a judge thereof in his district, the court of common pleas or a judge thereof in his county, or the probate court, in causes pending in such courts respectively, in the following cases:

{¶ 10} " * * *

{¶ 11} "(E) When a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights;

{¶ 12} "(F) In all other cases in which receivers have been appointed by the usages of equity."

{¶ 13} The above-quoted statute clearly vested the trial court with jurisdiction to appoint a receiver for Sager, which is a dissolved corporation.

---

**2.** The parties refer to this as the *"Bowens* case." We note that the trial court granted Sager's motion for summary judgment for plaintiff's failure to identify a Sager product connected to his injuries, which rendered Sager's lack of corporate existence claims moot and undecided in that matter.

{¶ 14} Contrary to Sager's interpretation, this statute does not limit the trial court's authority to appoint receivers to only domestic, that being Ohio, corporations. Without qualification, the statute applies to a corporation that has been dissolved, which would include foreign corporations. Finally, the case law Sager relies upon to support its position that the trial court lacks jurisdiction to appoint a receiver over a dissolved foreign corporation is inapplicable, as it predates the effective date of R.C. 2735.01, which explicitly authorizes the trial court to do so.[3]

{¶ 15} The statute alternatively empowered the trial court to appoint a receiver for the usages of equity. The trial court's opinion comprehensively sets forth equitable reasons for appointing a receiver in order to process the insurance assets that remain available to compensate persons whom Sager injured in Ohio.

### B. Choice of Law

{¶ 16} The parties frame the choice-of-law determination as depending upon the resolution of Sager's corporate existence. However, this matter involves the appointment of a receiver[4] over the remaining assets of an already dissolved corporation. Bevan was not seeking the appointment of a receiver in order to dissolve Sager, but instead to administer the remaining assets of Sager; specifically, the distribution of potential insurance proceeds to potential third-party beneficiaries (the persons injured by exposure to Sager's asbestos-containing products). Indeed, the court's authority to appoint a receiver for Sager in Ohio required that Sager was either "dissolved" or had "forfeited its corporate rights." R.C. 2735.01(E).[5]

{¶ 17} It is true that the law of the incorporating state determines issues relating to the internal affairs of the corporation. *Bryan v. DiBella*, Franklin App. No. 08AP–418, 2009-Ohio-1101, 2009 WL 638472, ¶ 13. But, as set forth

---

**3.** See *Am. Fruit & Steamship Co. v. Dox* (1906), 4 Ohio N.P. (N.S.) 155, 16 Ohio Dec. 501; *Kulp v. Fleming* (1901), 65 Ohio St. 321, 340, 62 N.E. 334. Similarly, case law regarding a court's lack of jurisdiction to interfere with internal affairs of viable foreign corporations has no application to discerning the trial court's jurisdiction to appoint a receiver for a dissolved corporation pursuant to R.C. 2735.01(E).

**4.** "A 'receiver' is defined as '[a]n indifferent person between the parties to a cause, appointed by the court to receive and preserve the property or fund in litigation, and receive its rents, issues, profits, and apply or dispose of them at the direction of the court * * *. A fiduciary of the court, appointed as an incident to other proceedings wherein certain ultimate relief is prayed. He is a trustee or ministerial officer representing the court * * *.' " *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 573 N.E.2d 62, quoting Black's Law Dictionary (6th Ed.1990) 1268.

**5.** Although there is general reference to the governance of foreign corporations in Ohio pursuant to Chapter 1703, it is unclear whether Sager complied with the statutory requirements, including R.C. 1703.17(B)(3) and (E).

below, the underlying tort actions require the application of Ohio law and involve the rights of "third parties external to the corporation" to collect from remaining assets of the defunct corporation and, therefore, the internal-affairs doctrine is not relevant. See *State ex rel. Petro v. Gold,* 166 Ohio App.3d 371, 2006-Ohio-943, 850 N.E.2d 1218, ¶ 45–49.

{¶ 18} Ohio law would control the trial court's authority to appoint a receiver over the remaining assets of a defunct foreign corporation that caused tortious injury to persons in Ohio. *Ohayon v. Safeco Ins. Co.* (2001), 91 Ohio St.3d 474, 747 N.E.2d 206.

{¶ 19} Central to the trial court's appointment of a receiver in this case was that the "assets of Sager have not been exhausted." The trial court reasoned that Ohio law applied to the underlying tort actions of third parties against Sager. These third parties have a potential interest in Sager's remaining insurance assets should they obtain a judgment. *Dyczkiewycz v. Tremont Ridge Phase I Ltd. Partnership,* Cuyahoga App. No. 91773, 2009-Ohio-495, 2009 WL 280366, ¶ 13. The receiver will administer the remaining insurance assets of the defunct corporation to Ohio citizens who were injured by the tortious conduct of Sager in this state.

{¶ 20} Sager insists that it is error to appoint a receiver because of its alleged corporate nonexistence under Illinois law, particularly 805 Ill.Comp.Stat. Ann. 5/12.80.[6] The issue at this juncture, however, is whether any of Sager's assets remain undistributed and can be collected and distributed by the receiver in order to compensate Ohio citizens who were injured by the tortious conduct of Sager in this state prior to its dissolution in Illinois. Sager does not claim that it has no remaining assets, nor has it disputed Bevan's contention that unexhausted insurance policies remain in effect.

{¶ 21} Sager contends that the appointment of a receiver violates due process by extending the life of the corporation beyond what was expected by its directors, officers, and stockholders under Illinois law. However, there is no due-process violation, because the appointment of a receiver does not extend its corporate life; the receiver "will merely be a vehicle through which [the asbestos claimants] will seek recovery from the insurers." See *In re Tex. E. Overseas, Inc.* (Jan. 26, 2010), Del.Ch. C.A. No. 4326–VCN, 2010 WL 318266;[7] see also *In*

---

6. Illinois's corporate-survival statute provides for a five-year period after a corporation's dissolution in which civil actions can be prosecuted against or defended by the corporation "in its corporate name."

7. In *Texas E.,* like this matter, a party (Ameripride) petitioned the court to appoint a receiver for Texas Eastern Overseas, a corporation that had been dissolved for 15 years and was beyond the three-year survival period for claims against it, to obtain contribution from its

*re Tex. E. Overseas, Inc.* (Nov. 30, 2009), Del.Ch. C.A. No. 4326–VCN, 2009 WL 4270799. In fact, the receiver's power is limited to "property of the corporation," which protects the corporate directors, officers, and stockholders of the dissolved corporation from any exposure in the event of a judgment that cannot be satisfied from corporate property, i.e., a judgment in excess of insurance coverage. R.C. 1701.89(A).[8]

{¶ 22} The Ohio Supreme Court instructs, " 'A court in exercising its discretion to appoint or refuse to appoint a receiver must take into account all the circumstances and facts of the case, the presence of conditions and grounds justifying the relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies.' " *State ex rel. Celebrezze,* 60 Ohio St.3d at 73, 573 N.E.2d 62, fn. 3, quoting 65 American Jurisprudence 2d (1972) 873, 874, Receivers, Sections 19, 20. We are not to disturb the trial court's appointment absent a "clear abuse of sound judicial discretion." The trial court found that "the defunct corporation persists for the purpose of winding up its affairs in Ohio. Ohio law provides that the Court appoint a receiver to fairly accept the process of claims, process defenses, and marshal assets accordingly." Because there is no dispute that corporate assets exist notwithstanding Sager's dissolution and that these assets may afford insurance coverage to Ohioans injured by exposure to Sager's products, the trial court did not abuse its discretion by appointing a receiver in this matter.

{¶ 23} Sager's sole assignment of error is overruled.

Judgment affirmed.

KILBANE, P.J., and CELEBREZZE, J., concur.

---

insurers in the event that it was found liable for environmental pollution in a pending federal action.

8.  Sager relies on 805 Ill.Comp.Stat.Ann. 5/12.60 in maintaining that Illinois law required the trial court to appoint an Illinois resident as the receiver; however, that statute explicitly governs "Practice in actions under Section 12.50 [grounds for judicial dissolution], 12.55 [shareholder remedies; public corporations], and 12.56 [shareholder remedies; non-public corporations]," none of which apply to this matter.