Suzanne S. LILLIQUIST, Executrix of the Estate of Carl W. Lilliquist, Deceased, and Suzanne S. Lilliquist, in her own right, Appellant

v.

COPES–VULCAN, INC.; Crane Co.; Crown Cork & Seal Company; Electrolux Home Products; Honeywell, Inc.; Hunter Sales Corporation; I U North America, Inc., as Successor by Merger to the GARP Company, formerly known as the Gage Company, formerly known as Pittsburgh Gage and Supply Company; Ingersoll–Rand Corporation; Plotkin Brothers Supply, LLP; Power Piping; Safety First Industries, Inc., in its own right and as Successor–In–Interest to Safety First Supply, Inc.; SVI Corporation, f/k/a SVI Newco, Inc., f/k/a Stockham Valves & Fittings, Inc.; Treco Construction Services, Inc., f/k/a the Rust Engineering Company; United Conveyor Corporation, Appellees.

Superior Court of Pennsylvania.

Argued Feb. 15, 2011.

Filed May 13, 2011.

John R. Kane, Pittsburgh, for appellant.

Teresa F. Sachs, Philadelphia, for SVI, appellee.

BEFORE: BOWES, DONOHUE and SHOGAN, JJ.

Opinion by DONOHUE, J.

Appellant, Suzanne S. Lilliquist ("Lilliquist"), both in her own right and as the executrix of the estate of Carl W. Lilliquist (Deceased), appeals from the trial court's grant of summary judgment dismissing all claims against Appellee, SVI Corporation f/k/a SVI Newco, Inc. and f/k/a Stockham Valves & Fittings, Inc. ("SVI"). For the reasons that follow, we affirm.

On February 11, 2009, Lilliquist filed this personal injury asbestos action in the Court of Common Pleas of Allegheny County, naming 54 entities as defendants (including SVI). On April 9, 2009, counsel entered an appearance on behalf of SVI, which pursuant to Rule 1041.1 of the Pennsylvania Rules of Civil Procedure constituted a denial of all factual averments in Lilliquist's complaint, an allegation of all affirmative defenses, and claims for indemnification and contribution from other parties. Pa.R.C.P. 1041.1(c). SVI subsequently participated in discovery between the parties. On September 29, 2009, SVI filed a motion for summary judgment based on lack of product identification, and after Lilliquist identified a witness (William Timcheck) with information relevant to the identification of SVI's products, counsel for SVI appeared at Timcheck's deposition and participated in the questioning. By court order dated December 8, 2009, the trial court granted SVI's motion for summary judgment on product identification with respect to Restatement (Second) of Torts § 402, but denied it with respect to Lilliquist's negligence claim.

The next day, December 9, 2009, SVI filed a "Motion for Summary Judgment Based Upon Corporate Dissolution," and on December 22, 2009, SVI served Lilliquist with discovery in the form of supplemental interrogatories and document requests. On January 4, 2010, Lilliquist filed a response opposing SVI's motion based upon corporate dissolution, which included a request that the trial court appoint a receiver to manage the assets of SVI. After oral argument, on February 24, 2010, the trial court granted SVI's motion for summary judgment. Lilliquist settled with the remaining defendants on the eve of trial.

This timely appeal followed, in which Lilliquist raises the following four issues:

1. Whether a receiver should be appointed when assets of a dissolved corporation have been mismanaged and will be wasted to the detriment of Pennsylvania creditors if appointment is not made?

2. Did the trial court have jurisdiction to appoint a receiver over [SVI]?

3. Did [SVI] subject itself to the jurisdiction of the trial court by participating in discovery and actively defending the instant case?

4. Was [Lilliquist's] Due Process and Equal Protection of the Laws [sic] violated where [SVI] exists and conducts business through the settling of lawsuits in other states?

Appellant's Brief at 4.

■ In its written opinion pursuant to Pa. R.A.P. 1925(a), the trial court determined that SVI "does not exist as a legal entity for purposes of prosecuting or defending a lawsuit in Pennsylvania," and that as a result of its "non-existence" SVI was not subject to the trial court's jurisdiction. Trial Court Opinion, 8/10/10, at 7. These conclusions are questionable. SVI continues to "exist" as a corporate entity, at least for the purpose of resolving postdissolution claims filed against it. And SVI subjected itself to the jurisdiction of the trial court when it entered an appearance of counsel and litigated the claims against it (including participation in discovery) in accordance with the trial court's case management orders. *Fleehr v. Mummert*, 857 A.2d 683, 685 (Pa.Super.2004) ("A defendant manifests an intent to submit to the court's jurisdiction when the defendant takes 'some action (beyond merely entering a written appearance) going to the merits of the case . . .' "), *appeal denied*, 585 Pa. 697, 889 A.2d 89 (2005).

We nevertheless affirm the trial court's order dismissing all claims against SVI and denying Lilliquist's request for a receiver. *See, e.g., Gbur v. Golio*, 600 Pa. 57, 92 n. 6, 963 A.2d 443, 465 n. 6 (2009) (appellate court may affirm decision on any grounds supported by the record on appeal). We do so without wading any further into the ontological and jurisdictional issues posed by Lilliquist in this appeal. Instead, as explained hereinbelow, to decide this case it is sufficient to recognize that this Court is constitutionally obligated to apply the law of Alabama, that the law of Alabama provides that all claims filed more than two years after published notice of corporate dissolution are forever barred, and that the trial court properly refused to appoint a receiver since Lilliquist did not assert any legally cognizable right to a remedy.

■ Pursuant to Article IV, § 1, of the United States Constitution, Pennsylvania courts must accord "full faith and credit" to "the public Acts, Records, and judicial Proceedings of every other State." U.S. CONST. art. IV, § 1. With respect to issues of corporate law, the organization and dissolution of corporations are governed by the laws of the state of incorporation. *CTS Corp. v. Dynamics Corp. of America*, 481 U.S. 69, 89, 107 S.Ct. 1637, 95 L.Ed.2d 67 (1987) ("No principle of corporation law and practice is more firmly established than a State's authority to regulate domestic corporations."). In this regard, our Supreme Court has recognized that in circumstances when the issue involves whether or not a dissolved corporation may be sued, Pennsylvania courts will apply the law of the state of incorporation. *Quarture v. C.P. Mayer Brick Co.*, 363 Pa. 349, 353, 69 A.2d 422, 424 (1949). In *Quarture*, our Supreme Court refused to enforce a contract entered into by a New Jersey corporation after the corporation's charter had been revoked by the State of New Jersey. *Id.* at 353–54, 69 A.2d at 424–25; *see also Wettengel v. Robinson*, 288 Pa. 362, 370, 136 A. 673, 675 (1927) (status of dissolved foreign corporation is governed by law of foreign state). In addition to recognition of the constitutional principle of "full faith and credit," the Supreme Court in *Quarture* also cited with approval the Restatement of Conflicts § 158, which

provides in relevant part that "[i]f a corporation is dissolved by the state of incorporation, another state will recognize that the association has been deprived of the legal attributes of incorporation ..." Restatement of Conflicts § 158.[1]

Alabama statutory law proscribes the procedures by which its domestic corporations may be dissolved, how they may resolve known and unknown claims, and the time limits associated with resolution of unknown claims. With regard to known claims, the dissolved corporation must give the claimant notice in writing of the dissolution and explain in said notice that the claim must be received within 120 days or it will be lost. ALA.CODE § 10–2B–14.06 (1975). The procedure with regard to unknown claims is as follows:

§ 10–2B–14.07. Unknown claims against dissolved corporation.

(a) A dissolved corporation may also publish notice of its dissolution and request that persons with claims against the corporation present them in accordance with the notice.

(b) The notice must:

(1) Be published one time in a newspaper of general circulation in the county where the dissolved corporation's principal office (or, if none in this state, its registered office) is or was last located;

(2) Describe the information that must be included in a claim and provide a mailing address where the claim may be sent; and

(3) State that a claim against the corporation will be barred unless a proceeding to enforce the claim is commenced within two years after the publication of the notice.

(c) If the dissolved corporation publishes a newspaper notice in accordance with subsection (b), **the claim of each of the following claimants is barred unless the claimant commences a proceeding to enforce the claim against the dissolved corporation within two years after the publication date of the newspaper notice:**

(1) A claimant who did not receive written notice under Section 10–2B–14.06;

(2) A claimant whose claim was timely sent to the dissolved corporation but not acted on;

(3) A claimant whose claim is contingent or based on an event occurring after the effective date of dissolution.

*Id.* at § 10–2B–14.07 (emphasis added).

Accordingly, under Alabama law all unknown claims are barred if the claim is not filed within two years from the date of newspaper publication notice. In the case *sub judice*, Lilliquist does not contest that SVI dissolved in accordance with Alabama statutory requirements. Lilliquist likewise does not contest that SVI published a newspaper notice of dissolution on January 25, 2007, in accordance with the dictates of section 10–2B–14.07(b). Because Lilliquist did not file a claim against SVI until February 11, 2009, pursuant to section 10–2B–14.07(c) her claims are barred under Alabama law. Accordingly, the trial court did not err in granting summary judgment to SVI dismissing all of Lilliquist's claims.

■ Lilliquist contends that even if her claims were properly dismissed pursuant to Alabama law, the trial court neverthe-

---

1. The more recent Restatement (Second) of Conflicts contains a substantially similar provision (numbered section 299): "Whether the existence of a corporation has been terminat- ed or suspended is determined by the local law of the state of incorporation." Restatement (Second) of Conflicts § 299.

less erred in refusing to appoint a receiver to manage SVI's remaining assets (namely, its insurance funds). We disagree. It has long been the law of this Commonwealth that our courts will appoint receivers only in aid of some recognized, presently existing legal right. *McDougal v. Huntingdon & Broad Top Mountain Railroad & Coal Co.*, 294 Pa. 108, 117, 143 A. 574, 578 (1928). Even where some "presently existing legal right" exists, our Supreme Court has made clear that "[r]eceivers will not be appointed unless the chancellor is convinced the right is free from doubt, the loss irreparable, with no adequate legal remedy, and the relief sought is necessary." *Id.* Because all of Lilliquist's claims are barred as a matter of law, no "presently existing legal right" exists that would permit the appointment of a receiver under these circumstances.

Moreover, the appointment of a receiver to manage SVI's insurance funds for Lilliquist's benefit would constitute a cause of action against SVI's assets—which, as explained hereinabove, is not permitted under Alabama law (as accorded full faith and credit by this Court). In addition, the appointment of a receiver to allow Lilliquist to collect SVI's insurance funds would constitute a direct action against the insurer of an alleged tortfeasor, which is generally not permitted in Pennsylvania. *See, e.g., Carrozza v. Greenbaum*, 866 A.2d 369, 387 n. 29 (Pa.Super.2004) ("Generally speaking, well-settled Pennsylvania law provides that an injured party may not maintain a suit directly against the insurer to recover on a judgment rendered against the insured tortfeasor absent a statute or policy provision on which such a right may be predicated."), *affirmed on other grounds*, 591 Pa. 196, 916 A.2d 553 (2007).

Finally, Lilliquist contends that the trial court's order violates her constitutional rights to due process and equal protection under the law because an Ohio intermediate appellate court has permitted the appointment of a receiver in an action against a dissolved Illinois corporation. *In re All Cases Against Sager Corp.*, 188 Ohio App.3d 796, 936 N.E.2d 1034 (2010). In this regard, Lilliquist argues that as a Pennsylvania plaintiff she enjoys the same rights as an Ohio plaintiff, and that because the Ohio courts have permitted the appointment of a receiver, this Court must also do so. Appellant's Brief at 15. Lilliquist cites to no legal authority, however, to support her contention that Pennsylvania courts must recognize as cognizable any alleged legal rights granted by the courts of a sister state. As set forth hereinabove, in our view it is our obligation to apply Alabama law in the present circumstances, and that pursuant to Alabama law Lilliquist's claims against SVI are barred and no receiver may be appointed. No constitutional mandate requires that we rule to the contrary based upon a potentially conflicting decision by a court in another state.[2]

Order affirmed.

---

**2.** We take no position as to whether the *Sager* case was correctly decided. We do note, however, that the court in *Sager* relied in part upon an Ohio statute permitting the appointment of a receiver where "a corporation has been dissolved." *Sager*, 936 N.E.2d at 1035 (citing R.C. § 2735.01).