J-A12022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL P. GRIMM AND IEVA GRIMM, HUSBAND AND WIFE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| JOSEPH A. GRAPPONE | |
| | No. 1384 WDA 2016 |

Appeal from the Order Entered August 17, 2016
in the Court of Common Pleas of Blair County
Civil Division at No(s): 2013 GN 2161

BEFORE: OLSON, J., SOLANO, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                          **FILED JULY 6, 2017**

Appellants, Michael P. Grimm and Ieva Grimm, appeal from the order of August 17, 2016, granting summary judgment in favor of Appellee Joseph A. Grappone. At issue is the March 5, 2014 order sustaining Appellee's preliminary objections and dismissing counts one and four of Appellants' complaint with prejudice. After careful review, we affirm.

On July 24, 2013, Appellants instituted this action by filing a complaint raising counts of misrepresentation, professional negligence, breach of fiduciary duty/conflict of interest, and unfair trade practices. *See* Complaint, 7/24/13, at ¶¶ 1-47. The complaint arose from Appellants' September 2012 agreement to purchase residential property. *Id.* at ¶ 4. The property abutted a wooded lot to the west. *Id.* at ¶¶ 7-8. Prior to settlement, Appellants requested that Appellee represent them "in their purchase," and

Appellee agreed, though no written agreement was signed. *See* Complaint, 7/24/13, at ¶ 5-6. The Complaint does not specify the breadth of the alleged agreement for representation.

Unbeknownst to Appellants, Appellee owned an interest in the real estate development company which owned the wooded lot. *Id.* at ¶¶ 7-9. When Appellants inquired whether the lot would be developed, Appellee assured them there would be no significant development. *Id.* at ¶¶ 8-9. Appellants took title to the property in October 2012. *Id.* at ¶ 12. In January 2013, Appellants were informed that the adjacent lot was to be developed for commercial use, including several buildings, artificial lighting, and parking lots. *Id.* at ¶¶ 12-13.

Appellee filed preliminary objections to the complaint, arguing that each of the theories of recovery were based upon duties allegedly owed by Appellee to Appellants through an alleged attorney-client relationship. *See* Preliminary Objections, 9/13/13, at ¶¶ 4-6. Appellee contended that count one, "misrepresentation," was duplicative of Appellants' count four professional malpractice claim and barred by the gist of the action doctrine. *Id.* at ¶ 9. Further, Appellee contended that the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 *et seq.*, does not apply to attorney misconduct. *Id.* at ¶ 21-22.

Appellants filed an answer in opposition, arguing that they had pleaded sufficient facts in both counts to establish distinct legal duties with two distinct standards of care. *See* Answer to Preliminary Objections, 11/14/13,

at 1-4. Essentially, Appellants claimed that Appellee had a professional duty of care and an additional, independent duty to avoid making material misrepresentations. *Id.* at 5. Further, Appellants argued the gist of the action doctrine did not bar their claims as both claims sounded in tort, not in contract. *Id.* at 6.

In March 2014, following oral argument, the court sustained Appellee's preliminary objections and dismissed counts one and four with prejudice. Appellee filed an answer and new matter to the complaint; Appellants filed a reply. In January 2016, Appellee filed a motion for summary judgment. Appellants filed an answer in opposition. Following oral argument on the motion, the court granted summary judgment on the remaining counts in favor of Appellee.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. As Appellants sought to challenge only the March 4, 2014 order, the court relied upon its previous opinion and did not issue an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant raises a single issue for our review:

> Did the [t]rial [c]ourt err as a matter of law in sustaining [Appellee's] preliminary objection in the nature of a demurrer to Count I of [Appellants'] complaint alleging misrepresentation, based on the court's finding that it was duplicative of [Appellants'] professional negligence claim and therefore barred by the gist of the action doctrine?

Appellant's Brief at 5.

Our scope and standard of review in examining a challenge to an order sustaining preliminary objections are as follows:

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt, and this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion.

*Rambo v. Greene*, 906 A.2d 1232, 1235 (Pa. Super. 2006) (internal citations and quotations omitted).

Appellants claim that the trial court erred in sustaining Appellee's preliminary objection, because they have properly pleaded all elements necessary to maintain a cause of action for misrepresentation. *See* Appellant's Brief at 9-11. Further, they contend the claim is not duplicative of the professional negligence claim because each claim involves a distinct duty. *See* Appellant's Brief at 9, 11-15. Finally, Appellants contend that the gist of the action doctrine does not apply to the claims at issue in this case as they sound in tort, not in contract. *See* Appellant's Brief at 9, 15-16.

To plead a claim of negligent misrepresentation, a plaintiff must aver facts to establish:

> (1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and; (4) which results in injury to a party acting in justifiable reliance on the misrepresentation.

- 4 -

*Bortz v. Noon*, 729 A.2d 555, 561 (Pa. 1999) (internal citations omitted). The speaker need not know his words are untrue, but must have "failed to make a reasonable investigation of the truth of these words. Moreover, like any action in negligence, there must be an existence of a duty owed by one party to another." *Id.*

The complaint averred that Appellee misrepresented to Appellants that the property would not be altered; that Appellee should have known of the falsity of this statement; and that Appellants justifiably relied upon the misrepresentation. Further, Appellants averred that they suffered damages as a result of said misrepresentation. However, the complaint did not identify a duty owed to Appellants. In their response to Appellee's preliminary objections, Appellants attempt to distinguish the duty required of an attorney from the duty required to establish a prima facie case for negligent misrepresentation. *See* Plaintiffs' Brief in Opposition to Defendant's Preliminary Objections, at 5. However, beyond asserting that Appellee had "an independent duty to [Appellants] to avoid material misrepresentations," Appellants identify no duty owed to them. Accordingly, they did not plead a cause of action for negligent misrepresentation, and the court did not err in granting Appellee's preliminary objections. *See Bortz*, 729 A.2d at 561; *see also Rambo*, 906 A.2d at 1235.[1]

---

[1] This Court may affirm the decision of the trial court if it is correct on any grounds. *See Lilliquist v. Copes–Vulcan, Inc.*, 21 A.3d 1233, 1235 (Pa.
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

![signature]

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2017

---
*(Footnote Continued)*

Super. 2011).   Our disposition of this issue renders Appellants' remaining issues moot.   However, we would also note that the gist of the action doctrine was not properly applied in the instant matter.

Generally, the gist of the action doctrine is "designed to maintain the conceptual distinction between breach of contract claims and tort claims . . . [and to preclude] plaintiffs from re-casting ordinary breach of contract claims into tort claims."  **See eToll, Inc. v. Elias/Savion**, 811 A.2d 10, 14 (Pa. Super. 2002).  Here, Appellants attempted to bring claims for negligent misrepresentation, a tort, and professional negligence, a tort.  **See Bortz**, 729 A.2d at 560-61; **see also Wells Fargo Bank v. Feretti**, 935 A.2d 565, 570 (Pa. Super. 2007) (noting that an action for legal malpractice may be brought in contract or tort, but an action for legal malpractice based upon professional negligence is a tort).

We decline to adopt the analysis of lower court, or its reliance on **Itskowitz v. White and Williams**, May Term 2003, No. 2926 (Phila. Ct. Com. Pl. 2005).