Kelly RAMBO and Philip J. Berg,
in the Superior Court of
Esquire, Appellants,

v.

Ronald B. GREENE, M.D. and Ronald
B. Greene, M.D., P.C., Appellees.

Superior Court of Pennsylvania.

Argued June 6, 2006.
Filed Aug. 23, 2006.

Philip J. Berg, LaFayette Hill, for appellants.

Andrew W. Bonekemper, Lansdale, for appellees.

BEFORE: JOYCE, MUSMANNO, and KELLY, JJ.

OPINION BY JOYCE, J.:

¶ 1 Kelly Rambo (Rambo) and Philip J. Berg, Esquire (Berg)[1] appeal from the order entered July 15, 2005, in the Philadelphia County Court of Common Pleas that dismissed their complaint against Ronald B. Greene, M.D. and Ronald B. Greene, M.D., P.C. (collectively "Greene"). Upon review, we reverse and remand for further proceedings consistent with this opinion. The relevant facts and procedural history of this matter are as follows.

¶ 2 On September 20, 1999, Rambo sustained an ankle injury and was treated by Dr. Paul Hecht. Dr. Hecht subsequently performed surgery on the ankle. Thereafter, Rambo instituted a medical malpractice lawsuit against Dr. Hecht in which she averred his treatment fell below the applicable standard of care.

¶ 3 During this time, Rambo sought treatment from Greene. Greene evaluated her condition, rendered treatment, and prepared two expert reports in preparation for Rambo's suit against Dr. Hecht. The record reveals that Greene received payment for the expert reports, dated November 27, 2001 and July 1, 2003, respectively. However, on the eve of trial, Greene refused to testify. Greene was then served a subpoena to appear, yet he

---

1. Rambo and Berg, when referred to collec-   tively, will be designated "Appellants."

remained absent. As a result of Greene's absence, Rambo's case against Dr. Hecht could not proceed, and a non-suit was entered in that medical malpractice action.

¶ 4 Thereafter, Appellants filed a Complaint against Greene. Greene filed preliminary objections to the Complaint, and upon review of the pleadings the trial court ruled as follows:

ORDER and MEMORANDUM

AND NOW, this 28 day of February 2005, upon consideration of Defendants' Preliminary Objections, all responses in opposition, the respective memoranda, all matters of record, and in accordance with the Opinion being filed contemporaneously with this Order, it hereby is ORDERED and DECREED that said Preliminary Objections are SUSTAINED as follows:

1. Counts I (breach of contract) and II (breach of implied contract) are dismissed pursuant to Pa.R.C.P. 1028(a)(3) for insufficient specificity. However, in the event that either Plaintiff is in possession of sufficient facts, Plaintiff(s) hereby are granted leave to amend their contractual claims within twenty (20) days from the date of entry of this Order;

2. Count III (breach of implied warranty and fair dealing) fails as a matter of law and is dismissed, as Pennsylvania recognizes no such independent cause of action;

3. Counts IV (negligence), V (fraud/fraudulent misrepresentation), VI (constructive/legal fraud), and VII (professional negligence) are barred by the gist of the action doctrine and are therefore dismissed;

4. Plaintiff Rambo has failed to state a legally cognizable claim for either negligent infliction of emotional distress (Count VIII) or intentional infliction of emotional distress (Count IX). Accordingly, these claims are dismissed; and

5. Plaintiffs have failed to set forth a valid basis to support an award of punitive damages. All references to punitive damages hereby are stricken from the Complaint.

Trial Court Order and Memorandum, 02/28/2005.

¶ 5 As noted in the February 28, 2005 memorandum, Appellants were afforded an opportunity to amend. Appellants filed their Amended Complaint and Greene again filed preliminary objections. Upon review of the amended pleadings, the trial court dismissed Appellants' complaint against Greene in its entirety due to lack of specificity. *See* Order and Memorandum, dated 06/30/2005, and filed 07/15/2005.[2]

¶ 6 On appeal, Appellants raises the following claims of error:

Whether the entry of an order sustaining preliminary objections and dismissing [Appellants'] complaint was erroneous and/or an abuse of discretion in a matter in which:

1. there existed a contract between [Greene] and his patient not only for diagnosis and treatment to rectify past medical errors made by Dr. Hecht, but to substantiate the legal remedy and compensation due to [Rambo] arising from that malpractice;

2. there existed a contract between [Greene] and [Berg] in the preparation and litigation of a valid [medical] malpractice action on behalf of Rambo, the essential component of which was the expert testimony of Greene, whose refusal to testify and the absence therefrom resulted in a directed verdict entered against Rambo in *Rambo v. Hecht.*

---

**2.** As a general rule, an order sustaining preliminary objections and dismissing a complaint is a final appealable order. *See Lustig* *v. Lustig,* 438 Pa.Super. 320, 652 A.2d 393 (1995).

3. the components of that contract were evidenced not only in the patient-doctor contracts, the attorney-doctor correspondences and phone conversations, but in Greene's statement at a hearing related to a bench warrant for his failure to obey a subpoena and in Greene's filing his own suit for compensation related to his medical reports and advice.

Brief for Appellants, at 3.

¶ 7 Upon review of the above listed claims of error and the argument portion of Appellants' brief, we find that the issue is in fact: did the trial court err in dismissing Appellants' Amended Complaint on the grounds of lack of specificity pursuant to Pa.R.Civ.P. 1028(a)(3) with respect to the existence of a contract? [3]

¶ 8 We will begin by setting forth our standard of review from an appeal from the grant of preliminary objections. In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the aver-

ments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. *Clemleddy Constr., Inc. v. Yorston,* 810 A.2d 693 (Pa.Super.2002). When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt, and this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. *Id.*

¶ 9 Here, the trial court dismissed Appellants' Amended Complaint on the basis that it lacked specificity pursuant to Pa.R.Civ.P. 1028(a)(3). *See* Trial Court Order and Memorandum, 02/28/2005; and 07/17/2005.[4]

¶ 10 Rule 1028(a)(3) reads as follows:

**Rule 1028. Preliminary Objections**

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

---

3. We note that the trial court's determination regarding the balance of Appellants' claims (breach of implied warranty and fair dealing, negligence, fraud/fraudulent misrepresentation, constructive/legal fraud, professional negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and a claim for punitive damages), all of which were dismissed by the trial court, are not challenged in this appeal. Accordingly, we find any claims of error with respect to those determinations to be waived. *See Purple Orchid, Inc. v. Pennsylvania State Police,* 572 Pa. 171, 813 A.2d 801, 804 (2002) (claims undeveloped in briefs are waived).

4. We note that Greene's preliminary objections challenged Appellants' pleading under Pa.R.Civ.P. 1028(a)(2) and (4). However, the trial court never mentions these subsections in its orders, rather it relied exclusively on Pa.R.Civ.P. 1028(a)(3). Nevertheless, this court may affirm the decision of the trial court on any correct basis. *See Spece v. Erie Ins. Group,* 850 A.2d 679, 683 n. 2 (Pa.Su-

per.2004) (noting Superior Court may affirm trial court by reasoning other than that employed by trial court). Briefly, we note that for the same reasons announced in our discussion of Rule 1028(a)(3), we find that a demurrer would have been inappropriate under Rule 1028(a)(4). Furthermore, Greene claims that Appellants failed to state whether the agreement was oral or written pursuant to Pa.R.Civ.P. 1019(h) and failed to attach the writing pursuant to Pa.R.Civ.P. 1019(i). As will be discussed in greater detail below, we find that Appellants pleaded an implied contract, and we conclude that any failure to comply with Pa.R.Civ.P. 1019(h) was not fatal. *See Johnston v. Shapp,* 57 Pa. D. & C.2d 753, 95 Dauph. 76 (1972) (stating that subsection (h) of this rule does not require plaintiff to state that his claim is not based on a written contract. If he says nothing, it is automatically an averment that the contract was not written). Moreover, due to the fact that the agreement was implied, the failure to attach the written contract is of no moment, as it would have been a factual impossibility.

. . . .

(3) insufficient specificity in a pleading[.]

Pa.R.Civ.P. 1028(a)(3).

¶ 11 The pertinent question under Rule 1028(a)(3) is "whether the complaint is sufficiently clear to enable the defendant to prepare his defense," or "whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *Ammlung v. City of Chester*, 224 Pa.Super. 47, 302 A.2d 491, 498 n. 36 (1973) (quoting 1 Goodrich–Amram § 1017(b)–9).

¶ 12 Foremost, it cannot be gainsaid that Greene was unable to determine the basis upon which Appellants sought recovery and upon what grounds to make his defense. The Amended complaint clearly raises claims for breach of contract and breach of an implied contract. *See* Amended Complaint, 03/21/2005, at 9, 11. The question then becomes whether the pleading was sufficiently specific as to the existence of either an express or implied contract.

¶ 13 Initially, we note that there is no written agreement between the parties where Greene affirmatively stated that he would testify as an expert at Rambo's trial. However, the absence of a written agreement is not necessarily fatal, because Appellants averred the breach of an implied contract. *See id.* at 11.

¶ 14 Under contract law, the objective manifestation of the parties is the governing factor regardless of subjective beliefs and reservations. An "actual"

meeting of the minds is not necessary to form a contract. *Long v. Brown*, 399 Pa.Super. 312, 582 A.2d 359, 363 (1990). *Id.* citing *Ingrassia Construction Co. v. Walsh*, 337 Pa.Super. 58, 486 A.2d 478, 482–483 (1984).

¶ 15 In *Ingrassia*, this Court stated "In ascertaining the intent of the parties to a contract, it is their outward and objective manifestations of assent, as opposed to their undisclosed and subjective intentions, that matter. . . . In the instant case, it matters not whether Walsh truly believed a contract did not exist if his manifested intent reasonably suggested the contrary to Ingrassia. *Ingrassia, supra* at 482–483. It follows then that in the case at bar, it does not matter if Greene did not believe there was a contract if his actions suggested the contrary to Berg and Rambo.

¶ 16 Furthermore, we note that a contract implied in fact is a contract arising when there is an agreement, but the parties' intentions are inferred from their conduct in light of the circumstances. *See AmeriPro Search, Inc. v. Fleming Steel Co.*, 787 A.2d 988 (Pa.Super.2001).

¶ 17 We conclude that it is clear from the record that Appellants employed Greene for medical treatment and for the preparations of expert reports, which Greene in fact completed. It is from these facts that we conclude it was inferred that Greene would testify at trial according to those reports in an effort to assist the fact finder in reaching a result.

¶ 18 While Greene could certainly dispute this point and could perhaps offer myriad reasons for refusing to testify,[5] that is not the test at this stage of the proceedings. The trial court opined that

---

5. Additionally, we note that Greene correctly cites *Panitz v. Behrend*, 429 Pa.Super. 273, 632 A.2d 562 (1993) for the proposition that a party may not contract with an expert witness in order to compel the witness to give only favorable testimony on threat of civil liability. *See* Brief for Greene, at 11. "The primary purpose of expert testimony is not to assist one party or another in winning the case but to assist the trier of the facts in understanding

the Amended Complaint lacked specificity to support an implied contract and sustained Greene's preliminary objections. We find this ruling was in error. *See Clemleddy Constr., Inc., supra.* Upon review of the Amended Complaint, and under the facts of this case, an agreement can be inferred, and the pleadings denote this with adequate specificity.

¶ 19 Accordingly, the order sustaining the preliminary objections and dismissing Appellants' Amended Complaint, with respect to breach of an implied contract only,[6] is reversed.

¶ 20 Order reversed. Case remanded with instructions. Jurisdiction relinquished.

complicated matters." *Panitz,* at 565. A witness cannot be required to testify, and no witness should be expected to testify, to anything other than the truth as he or she sees it and according to what he or she believes it to be. *Id.* at 565 (citation omitted).

Here, we are only faced with whether or not the pleadings sufficiently stated the existence of an agreement. There is no allegation that Greene contracted with Appellants to only give favorable testimony or to testify to anything other than the truth. Accordingly, we cannot, at this stage of the proceedings and on the record as it now stands, declare an agreement between Appellants and Greene void as against public policy pursuant to the holding in *Panitz.*

6. *See* footnote 3, *supra,* wherein we determined the balance of Appellants' claims waived on appeal.