## Pratt v. Quality Aggregates Inc.

64

C.P. of Lawrence County, no. 70151 of 2008.

*Ronald W. Coyer,* for plaintiff.
*Gabriel P. Cilli,* for defendants.

PICCIONE, *J.,* December 31, 2009 —Before this court for disposition are preliminary objections filed on behalf of defendants Quality Aggregates Inc. and Northern Allegheny Stone Inc. Defendants assert that plaintiff's amended complaint failed to allege that plaintiff provided defendants with notice and 60 days to cure any breach of the option and agreement of lease, rendering plaintiff's amended complaint legally insufficient and insufficiently specific.

Plaintiff Ronald Pratt owns 40.5 acres of real estate in Slippery Rock Township, Lawrence County, Pennsylvania. On February 15, 1990, plaintiff and plaintiff's late father entered into an option and agreement of lease with Allegheny Stone. Plaintiff's amended complaint avers

that Quality Aggregates is believed to be successor-in-interest to Allegheny Stone. Plaintiff and his father received $30,000 in advanced royalty payments from defendants on July 4, 1990. The lease requires that it "shall remain and continue in full force and effect for a period of 10 years hereafter or so long thereafter as limestone production hereunder is continued from the premises or on any property shown within the confines of the 'Princeton' operation." Plaintiff alleges that the 10-year period has elapsed and defendants have failed to mine any limestone from plaintiff's property.

Subpart E, paragraph 10 of the lease states:

"The lessee agrees that in case of any breach of any of the covenants in this lease contained, and proper notice having first been given thereof in writing by the lessors to the lessee, and the same having not been corrected or remedied within 60 days from the date of service of the said written notice or reasonable efforts made by lessee to cure such breach, it shall be lawful for the lessors, at their option, to enter in and upon the premises for condition broken and to repossess themselves of their former estate. The lessee further agrees that all the landlord and tenant laws relating to the collection of rents shall apply to the collection of royalty under this lease."

In the amended complaint, plaintiff avers that defendants were notified in writing by certified mail, signed for on June 6, 2008, that defendants were in default and that plaintiff considered the lease expired due to defendants' failure to mine and remit royalties as a breach of the agreement. The letter did not specifically state that there was a 60-day period to cure. Plaintiff further alleges

that defendants failed to respond to the notice of default and failed to cure within 60 days, as provided for in the lease.

On November 5, 2008, plaintiff filed the original complaint—action to quiet title, and defendants subsequently filed preliminary objections, arguing that the complaint was legally insufficient and insufficiently specific. In an order and opinion dated April 17, 2009, the court determined that it was premature to assert a legal insufficiency preliminary objection; however, the court found that plaintiff's complaint lacked specificity in regards to providing notice and an opportunity to cure to defendants. Defendants' preliminary objections regarding the complaint's lack of specificity were granted, and plaintiff was ordered to file an amended complaint.

On May 8, 2009, plaintiff filed an amended complaint. Defendants then filed preliminary objections to the amended complaint, stating that plaintiff again failed to plead that proper notice with a 60-day time period to cure was given prior to terminating the lease. On June 12, 2009, plaintiff's counsel sent defendants' counsel a letter notifying defendants that they were in material breach of their lease. The letter included a demand that defendants cure the breach within 60 days of service of the letter. Oral argument on defendants' preliminary objections was held on September 28, 2009.

Rule 1028(a)(3) of the Pennsylvania Rules of Civil Procedure provides that a party may file a preliminary objection based upon "insufficient specificity in a pleading." Pa.R.C.P. 1028(a)(3).

"The pertinent question under Rule 1028(a)(3) is whether the complaint is sufficiently clear to enable the defendant to prepare his defense, or whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *Rambo v. Greene,* 906 A.2d 1232, 1236 (Pa. Super. 2006). (internal citations and quotation marks omitted)

Clearly, a complaint must provide the defendant with notice of what the plaintiff's claims are, the grounds upon which they rest and formulate the issues by summarizing the material facts to support the claims. *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Commission, (PGC),* 950 A.2d 1120, 1134 (Pa. Commw. 2008).

In the case sub judice, plaintiff amended the original complaint, in part, by averring that defendants did not respond to the notice within 60 days; however, plaintiff's amended complaint did not contain any averment indicating that the notice provided for a 60-day time period to cure. Instead, the notice to defendants stated that plaintiff considered the lease expired. Because the amended complaint contains no allegation that proper notice with a 60-day period to cure was provided to defendants, plaintiff's amended complaint lacks specificity.

Plaintiff argues that the June 12, 2009 letter provided the necessary notice of defendants' breach of the lease. Plaintiff admits that the letter was not sent until after the amended complaint was filed. Thus, the amended complaint makes no mention of the June 12, 2009 letter. As stated above, a complaint must disclose the material facts

to enable an adverse party to prepare a defense. Defendants did not have an opportunity to respond to any allegations regarding the second letter. Therefore, plaintiff should not be allowed to rely on the second letter without making further amendments to the amended complaint.

As stated in the court's April 17, 2009 opinion, plaintiff's amended complaint is insufficiently specific as it fails to adequately apprise defendants as to the averments regarding the failure to provide notice and an opportunity to cure. Although defendants framed these claims in terms of legal insufficiency, it is more appropriate to address them in terms of a lack of specificity preliminary objection. Therefore, the court denies the legal insufficiency preliminary objections, but grants defendants' preliminary objections regarding the amended complaint's lack of specificity and plaintiff is permitted to amend the complaint to remedy the aforementioned infirmities.

## ORDER

And now, December 31, 2009, the court having held a hearing on September 28, 2009 regarding defendants' preliminary objections to amended complaint, with Ronald W. Coyer, Esquire, appearing and representing the plaintiff, and Gabriel P. Cilli, Esquire, appearing and representing the defendants, the court finds and it is hereby ordered and decreed as follows:

(1) Defendants' preliminary objection alleging legal insufficiency of plaintiff's amended complaint is hereby overruled pursuant to the attached opinion.

(2) Defendants' preliminary objection alleging lack of specificity is hereby sustained pursuant to the attached opinion.

(3) Plaintiff is granted a period of 20 days from the date of this order to file an amended complaint.

(4) The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.