## Lords Capouse Properties, LLC v. D&D Realty Group.

---

57. See Mass. Electric and Delaware River Commission's joinder complaint, ¶ 8.
58. See Siemen's joinder complaint, ¶¶ 6-22, 28, 30.

*Brett L. Messinger & Arthur Armstrong*, for plaintiff.

*E.A. Dixon Jr. & Kathryn A. Macmillan*, for defendant.

MINORA, *J.*, August 2, 2012—Presently before the court are the preliminary objections of defendants Steppacher Law Offices, LLC d/b/a Reliable Abstract Company and Steppacher Enterprises, LLC d/b/a Reliable Abstract Company to plaintiff's complaint. The parties agreed to submit this matter on briefs, therefore, this matter is ripe for disposition.

## FACTUAL BACKGROUND

Plaintiffs filed this action to quiet title in reference to a property located at 1626-1628 Vine Street in the City of Scranton. According to plaintiff's complaint, Lords Capouse Properties, LLC (hereafter, "Lords Capouse) was established on June 24, 2008, with Casey Donahue serving as its sole member. On or about July 22, 2008, Ms. Donahue allegedly executed a "certificate of amendment-domestic" which was filed with the Pennsylvania Department of State and naming Jason Walsh as the new sole member of Lords Capouse. Notification of the acceptance of this amendment was issued by the department of state on September 29, 2008. Thereafter, on September 1, 2010, Mr. Walsh filed a "certificate of amendment-domestic" with the department of state which indicated that Christopher Wolfington was now the sole member of Lords Capouse. It is notable that,

unlike the "certificate of amendment-domestic" filed in the Donahue-Walsh transfer, there is no indication of the filing date with the state on the document itself, nor is there any documentation confirming the filing of this document or its acceptance by the Pennsylvania Department of State. See plaintiff's second amended complaint at exhibits "B", "C", and "E". Throughout the changes in membership of Lords Capouse, it maintained ownership of the Vine Street property.

On September 17, 2010 plaintiff alleges that Ms. Donahue executed and delivered to defendant, D&D Realty, a deed transferring fee simple title to the Vine Street property from Lords Capouse to D&D Realty. Plaintiff alleges that Ms. Donahue did not have authority, right, or ability to execute the deed and that said execution was done without the consent, knowledge, or authorization of Mr. Walsh, Mr. Wolfington, or Lords Capouse. Due to Ms. Donahue's lack of authority, Plaintiff asserts that the deed is null, void, without effect and should be stricken from the records maintained by the Lackawanna County recorder of deeds. Further, plaintiff maintains that title in the property should be vested in Lords Capouse.

In addition to the action to quiet title, plaintiff's complaint also contains a count for interference with prospective contract against D&D Realty. Plaintiff contends that D&D's refusal to acknowledge the invalidity of the deed transfer has prevented plaintiff from entering into rental agreements with prospective tenants. Plaintiff further alleges in count III of the complaint that defendant D&D has committed conversion against plaintiff by wrongfully depriving it of the property itself, the right to use the property, and the right to receive rental payments D&D

has collected for the subject property. Finally, plaintiff avers that Reliable Abstract Company, the closing agent of D&D Realty, failed to properly investigate whether the deed for sale of 1626-1628 Vine Street was executed by an individual with proper authority and failed to search the public records or take proper action as is required by common practice of a title insurance agency.

## PROCEDURAL BACKGROUND

Plaintiff initiated this action by filing a complaint, originally solely against D&D Realty, on March 23, 2011. defendant D&D Realty filed preliminary objections to this complaint on May 4, 2011. Plaintiff then filed an amended complaint on May 24, 2011. Defendant D&D relaty renewed its preliminary objections to the amended complaint on June 15, 2011. By order dated August 23, 2011, this court denied defendant D&D Realty's preliminary objections, and D&D Realty filed an answer and new matter to plaintiff's amended complaint on September 15, 2011. Plaintiff filed a reply to defendant's new matter on October 4, 2011.

On January 27, 2012, counsel for plaintiff and D&D Realty entered into a stipulation whereby they agreed to allow plaintiff to file a second amended complaint. Plaintiff filed this complaint, which added Steppacher Law Offices LLC d/b/a Reliable Abstract Company and Steppacher Enterprises, LLC, d/b/a Reliable Abstract Company as defendants, on February 8, 2012.

On February 27, 2012, defendants Steppacher Law Offices LLC d/b/a Reliable Abstract Company and Steppacher Enterprises, LLC, d/b/a Reliable Abstract Company (hereafter, "Reliable Abstract") filed

preliminary objections to count IV of plaintiff's complaint. Plaintiff filed an answer to defendant Reliable Abstract's preliminary objections on March 15, 2012. Defendant Reliable Abstract and plaintiff filed briefs in support of their positions on April 20, 2012 and May 17, 2012, respectively.

## LEGAL ARGUMENTS OF THE PARTIES

Reliable Abstract contends that it is entitled to the granting of preliminary objections on two grounds. First, defendant alleges that, under Pa. R.C.P. 1028(2)(3) and 1028(3), a more specific pleading is required in reference to ¶¶32 and 33 for defendant to ascertain what "duty to investigate" defendant had in this situation, alleging that there is a total absence of duty of a title agent to a third party. Defendant Reliable Abstract further avers that plaintiff's complaint also fails to state with sufficient specificity what public records of the Pennsylvania Department of State defendant allegedly should have sought prior to the transfer. Finally, as to these paragraphs, defendant alleges that the plaintiff does not describe "what other and further action" was required.

In reference to ¶¶34 and 35, defendant alleges that more specificity is required to establish plaintiff's standing, both in reference to how Reliable Abstract knew or should have known that Ms. Donohue did not have authority and as to how Mr. Wolfington can establish standing, since the events in question may have occurred before Mr. Wolfington became plaintiff's sole member. Lastly, defendant alleges that further specificity is required to explain what events were foreseeable and therefore required defendant to recognize the potential harm to plaintiff.

Reliable Abstract also presented preliminary objections in the nature of demurrer to plaintiff's complaint, alleging that plaintiff lacks standing, because no duty is owed by a title agent to a third party seller, and that defendant should be dismissed from the complaint as a matter of undisputed fact and judicial notice.

Plaintiff argues that defendant Reliable Abstract's objections are without merit. First, plaintiff avers that more specificity is not required, since defendant is clearly able to ascertain the allegations made against it in order to create a viable defense, as is required under the rule. Second, plaintiff argues that Reliable Abstract's reliance on *Hicks v. Saboe*, 521 Pa. 380, 555 A.2d 1241 (1989) for the assertion that a title insurance company does not owe a duty to a third party is misplaced. Rather, plaintiff contends that Reliable Abstract was acting not as a title insurance company, but rather as a title agent, a distinction which imposes additional duties on defendant to investigate the authority of the individual who signs the deed of transfer.

## LEGAL STANDARD

Preliminary objections are governed by Pa. R.C.P. 1028, which states, in pertinent part:

Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

(2) failure of a pleading to conform to law or rule of court...

(3) insufficient specificity in a pleading;

(4) Legal insufficiency of a pleading (demurrer);

The court in *Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011) stated the standard for preliminary objections when it stated:

> When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deductible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. *Haun v. Community Systems, Inc.*, 14 A.3d 120, 123 (Pa. Super. 2011).

In analyzing a pleading under rule 1028(a)(3), the court must determine '"whether the complaint is sufficiently clear to enable the defendant to prepare his defense."' or '"whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense.'" *Rambo v. Greene*, 906 A.2d 1232, 1236 (Pa.Super.2006), quoting *Ammulung v. City of Chester*, 302 A.2d 491, 498 n.36 (Pa. Super.1973) (internal citations omitted).

Further, preliminary objections in the nature of a demurrer require the court to resolve the issues by only reviewing the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. *Jones v. Nationwide Property and Cas. Ins. Co.*, 955 A.2d 1233,1237 (Pa. Super. 2010). Any doubt as to the legal sufficiency of the complaint should be resolved in favor of overruling the demurrer. *Ira G. Steffy & Son, Inc., v.*

*Citizens Bank of PA*, 7 A.3d 278, 283 (Pa. Super. 2010).

## LEGAL ANALYSIS

Defendant Reliable Abstract's main argument under demurrer rests upon the legal conclusions stated by the court in *Saboe v. Hicks*, supra at 5. In that case, plaintiff appellee's former common law husband, Nicholas Krupa, forged her signature on a deed which conveyed their familial residence, at that time still held under a tenancy by the entireties, to himself as sole owner. *Id.* at 1243. He subsequently sold the property to the Saboes. *Id.* After discovering this unauthorized conveyance, Hicks sued the Saboes, seeking rescission of the sale and reconveyance of the property. *Id.* Industrial Valley Title Company was later added as an additional defendant to the case. *Id.*

In determining whether Industrial Valley Title Company's actions in issuing title insurance to the Saboes, not knowing of a divorce between Hicks and Krupa and accepting Krupa's affidavit of "no marriage" to remove its preliminary objection to the title report, constituted negligence, the court stated that:

In general, the duty of a title insurance company runs only to its insured, not to third parties who are not a party to the contract....Assuming arguendo that such actions by IVT constituted negligence, it is not clear that IVT owed a duty to Mrs. Hicks. IVT's duties in regard to the 1977 sale of the residence stem solely from its contract with the Saboes. Whether its role in the transaction is characterized as that of an insurer, an abstractor, or a conveyancer, its duties nevertheless arise from its contract with the Saboes.

*Id.* at 1243,

The court continued to note that the only way Hicks would be able to establish a duty between herself and the title company would be to show that she was an intended beneficiary under the contract. *Id.* According to the court in *Guy v. Liederbach*, 459 A.2d 744, 751 (Pa. 1983), an individual may qualify as a third-party beneficiary to a contract if (1) "recognition of a right to performance is appropriate to effectuate the intention of the parties" and (2) "performance will satisfy an obligation of the promissee to pay money to the beneficiary" or "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." The *Saboe* court determined that since there was no indication that the Saboes in any way intended to benefit Mrs. Hicks, there was no basis under PA law through which Mrs. Hicks could obtain relief from the title insurance company, since Mrs. Hicks could not show privity between herself and the title insurance company. *Saboe*, 555 A.2d at 1244.

Plaintiff's situation in this case is quite similar to that of Mrs. Hicks in *Saboe*. There is no indication that D&D Realty, in their contracting with Reliable Abstract for a policy of title insurance, had any intention to benefit Lords Capouse properties in the policy. Further, there is no foreseeable way that plaintiff can show any privity between itself and D&D Realty in order to obtain the status of a third party beneficiary to the contract.

Plaintiff argues that Reliable Abstract was acting as a title agent rather than a title insurance company, and therefore the rationale of *Hicks* is inapplicable to this case. However, plaintiff's brief is completely devoid of

legal authority to support this aversion. In fact, there is little legal authority discussing any distinction between a title agent and a title insurance company. It appears to be a distinction without a difference. The only case on point, *Himmlreich v. Adams Abstract Associates*, 59 Pa. D. & C. 4th 382, 390 (Adams Cnty. C.C.P. 2002), also notes that, despite the delegated duties of a title insurance agent under 40 P.S. §910-24, "research fails to reveal any Pennsylvania statutory or case law providing further guidance with regard to the duties of a title insurance agent during closings." The court dismisses the argument by noting that plaintiff's failure to identify an expert or expert report that arguably demonstrates the obligation of additional duties further supports the conclusion that plaintiff's argument lacks foundation. *Id.* Our pleading is also devoid of such specifics.

For these reasons, defendants Steppacher Law Offices, LLC d/b/a Reliable Abstract Company and Steppacher Enterprises, LLC d/b/a Reliable Abstract Company's preliminary objection in the nature of demurrer must be granted.

The granting of this demurrer eliminates plaintiff's cause of action against the moving defendants. Therefore, the need to address the motions for a more specific pleading is rendered moot.

An appropriate order is attached hereto.

### ORDER

And now, August 2, 2012, it is hereby ordered that the preliminary objection in the nature of demurrer of defendants Steppacher Law Offices, LLC d/b/a Reliable

Abstract Company and Steppacher Enterprises, LLC d/b/a Reliable Abstract Company to plaintiff's complaint is hereby granted. Therefore, the need to address the motions for a more specific pleading is rendered moot.