J-S50017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOHN J. LYNCH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| STEWART SMITH AND PETER SMITH | |
| | No. 3511 EDA 2016 |

Appeal from the Order February 18, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): November Term 2015, No. 4081

BEFORE:  PANELLA, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY MOULTON, J.:                **FILED OCTOBER 02, 2017**

John J. Lynch appeals, *pro se*, from the February 18, 2016 order entered in the Philadelphia County Court of Common Pleas granting preliminary objections filed by Stewart and Peter Smith ("the Smiths").  We affirm.

The trial court set forth the following factual history:

> [Lynch] alleges that [the Smiths] are liable for the actions of [] Andrew Gittelmacher.  Mr. Gittelmacher is not named as a defendant in this case.  [Lynch's c]omplaint alleges that [he] settled an unrelated premises liability case against [the Smiths] filed in the Philadelphia Municipal Court.  In that case, [Lynch] asserted that his car had been ruined by sugar while being parked at the same property at issue in this case, 9351 Old Bustleton Avenue[, Philadelphia County.]  Mr. Gittelmacher was named as a [d]efendant in that case.
>
> In this case, [Lynch] alleges that . . . Peter Smith "failed to control" Gittelmacher after Gittelmacher offered money to a Mr. Rasheed Reid, also not a defendant in this

case, to "assault and eject" [Lynch]. [Lynch]'s [c]omplaint further alleges that Gittelmacher sprayed [Lynch] with WD40 [lubricant spray] and "verbally assaulted" him on June 13, 2015. [Lynch] also asserts that Gittelmacher "would harass and annoy" [Lynch] and that [the Smiths] did not "stand up and speak out or stop" Gittelmacher. The [c]omplaint alleges [Lynch]'s income has been severely impacted by Gittelmacher. Nowhere does the [c]omplaint assert that Gittelmacher was acting on behalf of or as an agent or employee of [the Smiths]. Indeed no relationship whatsoever is alleged between Gittelmacher and the [Smiths].

Opinion, 4/6/16, at 2.

On December 1, 2015, Lynch filed the above-referenced complaint. On December 29, 2015, the Smiths filed preliminary objections, based on insufficient specificity and in the nature of a demurrer for failure to state a cause of action upon which relief could be granted. On January 14, 2016, Lynch responded to the preliminary objections[1] and, on January 20, 2016, filed a supplement to that response. On February 18, 2016, the trial court sustained both of the Smiths' preliminary objections.[2] On February 26,

_____

[1] Lynch attached an "amended complaint" to his response. However, the docket reveals that Lynch never filed an amended complaint with the trial court.

[2] The trial court's order did not indicate whether it dismissed Lynch's complaint with or without prejudice, **see** Order, 2/18/16, which raises an issue as to whether the trial court's order was final under Pennsylvania Rule of Appellate Procedure 341 and therefore appealable under section 742 of the Judicial Code. However, because the trial court sustained the Smiths' preliminary objection in the nature of a demurrer, we conclude that the trial court dismissed Lynch's complaint with prejudice because "an order granting preliminary objections in the nature of a demurrer is a final order and is,
*(Footnote Continued Next Page)*

2016, Lynch filed a notice of appeal with the Commonwealth Court. Upon Lynch's application, on October 25, 2016, the Commonwealth Court transferred the appeal to this Court.

Lynch's sole issue on appeal is as follows:

> Should the matter be reversed, and remanded because the complaint although made in [l]ong hand did comply with Pa. Rule of Civil Procedure 1019(c) in pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been p[er]formed or have occur[r]ed, which [Lynch] did do concerning the assaults, and batteries of his person while working on the premises.

Lynch's Br. at 6 (unpaginated) (suggested answer omitted).

Lynch argues that the trial court improperly sustained the Smiths' preliminary objections. Our standard of review on such matters is well settled:

> [O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and

*(Footnote Continued)* ⸻

therefore, appealable to this Court immediately." ***D'Elia v. Folino***, 933 A.2d 117, 121 (Pa.Super. 2007).

free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Haun v. Community Health Sys., Inc.*, 14 A.3d 120, 123 (Pa.Super. 2011) (internal citations and quotations omitted). With respect to preliminary objections for insufficient specificity in a pleading, this Court has stated that:

[t]he pertinent question under [Pennsylvania] Rule [of Civil Procedure] 1028(a)(3) is whether the complaint is sufficiently clear to enable the defendant to prepare his defense, or whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense.

*Rambo v. Greene*, 906 A.2d 1232, 1236 (Pa.Super. 2006) (internal quotations omitted).

Lynch asserts that the Smiths "are liable to [him] for failure to take action to prevent their silent partner[,] Andrew Gittelmacher[,] from assaulting[] and battering [Lynch]." Lynch's Br. at 11 (unpaginated). Lynch asserts that the Smiths, to whom he refers in his brief as business owners,[3] are "duty bound, obligated, and absolutely responsible for the safety and security of all other persons on the premises." *Id.* In short, Lynch argues that the Smiths had a duty to control Gittelmacher, who Lynch refers to as

---

[3] In his complaint, Lynch did not refer to the Smiths as "business owners," nor did he refer to Gittelmacher as a "silent partner" of the Smiths.

the Smiths' "silent partner," and who Lynch further alleges the Smiths knew to have violent tendencies. We disagree.

A review of Lynch's complaint shows that not only did Lynch fail to plead when (or in some instances, where) these alleged assaults occurred, he also failed to allege that Gittelmacher was acting as an agent or employee on behalf of the Smiths. Rather, the complaint merely asserts that Lynch brought causes of action for "termination of [his] part time mechanical work at 9351 Old Bustleton Avenue . . . [and for the Smiths'] failure to provide a safe environment at the times [he] was on location doing mechanical work." Compl. at 1. Further, Lynch's incoherent factual averments lend no support to these claims, instead listing a series of incidents between Lynch, Gittelmacher, and Rasheed Reid. *See id.* at 2-5. We agree with the trial court's conclusions that Lynch's complaint "provides no specific assertions as to what occurred or why there was a duty to defend" and "does not state any cognizable legal claim." Opinion, 4/6/16, at 3. Accordingly, we also conclude that the trial court appropriately sustained the Smiths' preliminary objections.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/2/2017*

- 5 -