J-S37016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOHN M. KISTLER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| WELLS FARGO BANK, N.A. | |
| Appellee | No. 1573 MDA 2016 |

Appeal from the Order Entered August 23, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2014 CV 7476

BEFORE:  STABILE, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:          **FILED OCTOBER 20, 2017**

John M. Kistler appeals, *pro se*, from the August 23, 2016 order of the Lackawanna County Court of Common Pleas granting the preliminary objections filed by Wells Fargo Bank, N.A. ("Wells Fargo") and dismissing Kistler's amended complaint with prejudice.  We affirm.

On November 21, 2014, Kistler discovered that Wells Fargo had placed a hold on his checking account pursuant to an Internal Revenue Service ("IRS") notice of levy.  On December 10, 2014, Kistler filed suit against Wells Fargo, alleging that its placement of a hold on Kistler's bank account pursuant to the IRS notice of levy, and its subsequent release of Kistler's funds to the IRS, violated federal law.  The trial court summarized the ensuing procedural history of this case in its August 23, 2016 opinion, which we adopt and incorporate herein.  *See* Trial Ct. Op., 8/23/16, at 2-3.

On August 23, 2016, after a hearing,[1] the trial court entered an order granting Wells Fargo's preliminary objections and dismissing Kistler's amended complaint with prejudice. Kistler timely appealed to this Court.

On appeal, Kistler raises the following issues:

1. Whether this case should be remanded to the lower court to address the central issue in this case, by Opinion, or by summary remand, which has not been addressed, and that is the categorical existence of factual disputes over the timing of the release of [Kistler's] funds on December 10, 2014, with specific knowledge of the existence, through service by [Kistler] of a December 10, 2014 Order, prohibiting the release of those funds.

2. Whether the Lower Court erred in its August 23, 2016 Order by failing to address the central issue in this case, to wit, the effect of the Court's December 10, 2014 Order vacating the Notice of Levy, which was served upon [Wells Fargo] the same day, prior to the release of [Kistler's] funds to the IRS.

3. Whether, under the above circumstances, the December 10, 2014 Order prohibited [Wells Fargo] from releasing funds, when the docket shows activity on December 5, 2014, and a Rule to Show Cause was Returnable on January 9, 2015, in order to resolve the validity of the levy, but the matter was removed by [Wells Fargo], a factual dispute, at least, exists as to whether the funds were released before or after the Order, and negated [Wells Fargo's] protections under IRC §6332, also committing a fraud upon the court.

4. Whether, until such time that these matters were to be considered, any release of the funds was unlawful, and in violation of an express Order of this Court. *See Citizen's Bank of Pennsylvania v. Myers*, 872 A.2d 827 (Pa. Super. 2005) (recognizing the utilization of preliminary

_____

[1] The certified record does not contain a transcript of the April 29, 2016 hearing, and neither party references any such transcript in its brief.

injunctive relief to enjoin the release of funds held in deposit).

5. Whether 26 U.S.C. §6332 is unconstitutional as it allows for the seizure of the property of [Kistler] without due process of law, as applied, and that, regardless of its constitutionality, [Wells Fargo] had a duty to not release the subject funds.

6. Whether the lower court erred in failing to recognize that the levy at issue did not comply with IRC Section 6331 and the lower Court erred in failing to recognize that even under the special rule for banks at IRC Section 6332(c), a bank is only entitled to the protection of funds released within 21 days, except when the property is subject to an attachment or execution under court order, and the funds in the [Wells Fargo] bank herein were specifically subject to such an attachment.

7. Whether the lower court erred in failing to recognize that [Wells Fargo] had, and breached, its contractual and fiduciary duties to [Kistler], to hold [Kistler's] deposit[]s, as debtor, and ensure the validity of claims against those funds, as recognized generally in the ***Citizens Bank of Pennsylvania***, ***supra***, case.

Kistler's Br. at 4-5.

Our standard of review of an order granting preliminary objections is as follows:

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt, and this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion.

***Haas v. Four Seasons Campground, Inc.***, 952 A.2d 688, 691 (Pa.Super.
2008) (quoting ***Rambo v. Greene***, 906 A.2d 1232, 1235 (Pa.Super. 2006)).

Kistler's first four issues challenge Wells Fargo's alleged violation of a
December 10, 2014 court order directing Wells Fargo to release the levied
funds to Kistler. Specifically, Kistler asserts that the trial court "failed to
address the central issue in this case, to wit, the effect of the Court's
December 10, 2014 Order vacating the Notice of Levy . . . prior to the
release of [Kistler's] funds to the IRS." Kistler's Br. at 9. In response to
Kistler's claims, Wells Fargo contends that it was never served with either
the "Motion for Release of Levy/Lien" referenced in the December 10, 2014
order or the order itself and that no such motion appears in the record or on
the trial court docket.

The order at issue is titled "Order for Release of Levy/Lien" and states:

> **And now,** this 10th day of December, 2014 upon
> consideration of [Kistler's] Motion for [R]elease of
> Levy/Lien Notice filed by IRS agent James Smith of the
> Philadelphia office against his funds in WELLS FARGO
> BANK . . . it is hereby ORDERED and DECREED that said
> Motion is hereby GRANTED on the grounds that Mr. Smith
> **has failed to attach[] a required copy** of the COURT
> ORDER signed by a Judge after a "Due Process Hearing",
> which appears to have never been afforded Mr. Kistler in
> violation of his 5th Amendment rights and a multitude of
> other Civil Rights Violations, laws and statutes at both the
> State and Federal levels.
>
> **Therefore WELL[S] FARGO BANK is hereby
> ORDERED to "IMMEDIATELY" release all funds
> belonging to Mr. Kistler and reverse any and all over
> draft charges and fees associated with this incident
> and to refrain from this irresponsible practice again**

- 4 -

**in the future against Mr. Kistler or any other depositor.**

Trial Ct. Order, 12/10/14 (emphases in original). This order appears to bear the trial judge's signature and appears to have been entered on December 10, 2014, the same date as Kistler's initial complaint.

The parties briefly discussed the December 10, 2014 order at the hearing on Wells Fargo's preliminary objections to Kistler's initial complaint:

> MR. KISTLER: . . . Your Honor, on December 10th I had a Court Order signed by Judge Minora to release my money. I had a lengthy discussion with Judge Minora.
>
> . . .
>
> THE COURT: You went into motion Court –
>
> MR. KISTLER: Yes, I did, Your Honor.
>
> THE COURT: – and you weren't there I take it.
>
> [WELLS FARGO'S COUNSEL]: That's correct, Your Honor.
>
> MR. KISTLER: They were not involved at that point in time. I had just found out about this. The other fact –
>
> THE COURT: Well, they were involved at that time because they are the bank. You went into . . . Motion Court, and you had Judge Minora sign an order ordering Wells Fargo Bank to immediately release your funds.
>
> MR. KISTLER: Right. But they were not even involved at this point in time because I had not filed –
>
> . . .
>
> THE COURT: What happened procedurally?
>
> [WELLS FARGO'S COUNSEL]: Your Honor, what happened is that order – strangely, it doesn't have a court number on it – it was filed at the exact time Mr. Kistler's complaint was filed. We ended up removing to Federal Court, but the language of that order was somewhat strange. It

didn't have a Court term and number.  We had no notice of anything –

THE COURT:  Right.  You have to give them notice.

[WELLS FARGO'S COUNSEL]:  And then we ended up when we removed to Federal Court, it ended up being moot.

N.T., 12/14/15, at 18-20.

The December 10, 2014 order, regardless of any procedural irregularities, has no bearing on whether Kistler's amended complaint was legally sufficient to overcome Wells Fargo's preliminary objections. Accordingly, none of Kistler's first four issues warrants relief in this appeal.[2]

Turning to Kistler's remaining issues, the trial court determined that Kistler's amended complaint was legally insufficient on several grounds, including:  failure to state a claim upon which relief can be granted; failure to join indispensable parties; failure to conform to the rules of court; inclusion of scandalous and impertinent matters; and failure to plead fraud with particularity.  We agree with and adopt the cogent reasoning of the Honorable Carmen D. Minora and incorporate his opinion herein.  **See** Trial Ct. Op., 8/23/16, at 3-5.

_____

[2] On May 31, 2017, after the filing of his notice of appeal, Kistler filed with the trial court a petition for contempt based on Wells Fargo's alleged failure to comply with the December 10, 2014 order.  The trial court did not rule on the petition, as it lacked jurisdiction due to the pending appeal. Therefore, because the trial court has not ruled on the petition for contempt, we cannot consider it.

Accordingly, we conclude that the trial court properly granted Wells Fargo's preliminary objections and dismissed Kistler's amended complaint with prejudice.[3]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2017

---

[3] We are compelled to note that, in his reply brief, Kistler makes unfounded accusations against the judges and employees of this Court. **_See_** Kistler's Reply Br. at 1-3 (unpaginated). We recognize that litigation is necessarily contentious and that Kistler is personally invested in the outcome of this appeal. However, we caution Kistler to exercise restraint and civility should he continue to represent himself in future legal proceedings.