J-A28035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SERGEI KOVALEV | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BORIS RUBINSTEIN AND YES | : | No. 772 EDA 2024 |
| DENTAL, PC | : | |

Appeal from the Order Entered March 8, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220201916

BEFORE:  PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 1, 2025**

Appellant Sergei Kovalev appeals *pro se* from trial court's order sustaining preliminary objections filed by Appellees Boris Rubinstein, DMD, and Yes Dental, P.C., and dismissing Appellant's complaint with prejudice. Appellant argues that the trial court erred by concluding that Appellant did not plead ascertainable losses in the complaint, the trial court abused its discretion by dismissing the complaint instead of giving Appellant an opportunity to amend the complaint, and by sustaining Appellees' preliminary objections when those objections lacked a verification signed by Appellees.  We affirm.

By way of background, a previous panel of this Court explained the procedural history of a prior action between Appellant and Appellees (and other defendants) as follows:

> In February 2019, [Appellant] initiated this [*pro se*] action against Rubinstein, Yes Dental, PC, Grace Woo[, DMD], [and others].

[Appellant] had had dental appointments with Woo and Rubinstein at Yes Dental.

Rubinstein owns Yes Dental, and both he and Woo are dentists who work at the office. [Appellant] filed an amended complaint claiming that Woo, who allegedly was not an approved provider under Medicaid, provided dental care. [Appellant] claimed Woo made fraudulent misrepresentations that she was approved and he suffered damages as a result.

In the amended complaint, [Appellant] alleged Rubinstein [on February 25, 2016] was involved in acts of battery, discrimination, patient profiling, fraud, blacklisting, and refusal to provide requested dental services. He maintained Rubinstein said he did not want to correct work of another dentist, falsely claimed there were no problems to be fixed, and then used "a sharp dental hook-pick with needle-sharp point and started 'probing' by sticking needle-sharp [sic] instrument" into [Appellant's] gums, allegedly puncturing and lacerating his gums. [Appellant] also maintained Rubinstein submitted false paperwork to the insurance company saying he did work that Woo performed.

\* \* \*

[Appellant] asserted the following causes of action: battery against Rubinstein and Woo (counts 1 and 2); breach of implied contract for health and dental care against all defendants (count 3); negligence against all defendants (count 4); negligence *per se* against all defendants (count 5); breach of fiduciary duties against all defendants (count 6); fraud against all defendants (count 7); fraudulent misrepresentation against Woo, Rubinstein, and Yes Dental (count 8); intentional infliction of emotional distress ("IIED") against all defendants (count 9); [and] negligent infliction of emotional distress ("NEID") against all defendants (count 10) . . . .

All defendants filed preliminary objections; Woo filed a motion to strike for lack of a certificate of merit. The court granted in part and denied in part the motion to strike and ordered that [Appellant] file appropriate certificates of merit within 20 days of the docketing of the order. The court further sustained in part and overruled in part the preliminary objections. It dismissed from the case [the other co-defendants]; and struck . . . count 3 (breach of contract), count 5 (negligence *per se*), count 6 (breach of fiduciary duty), count 7 (fraud), and count 8 (fraudulent misrepresentation). It overruled all other preliminary objections.

- 2 -

> In February 2019, the court struck the negligence claims for failure to file a certificate of merit.
>
> The remaining defendants— [Appellees] and Woo—filed motions for summary judgment. The court denied Woo's motion but granted [Appellees'] motion. [Appellant] settled with Woo and discontinued the action against her.

*Kovalev v. Rubinstein*, 850 EDA 2023, 2024 WL 3273433, at *1-2 (Pa. Super. filed July 2, 2024) (unpublished mem.) (citations omitted) (*Kovalev I*).

In that previous action, Appellant appealed the trial court's order granting Appellees' motion for summary judgment. *Kovalev I*, 2024 WL 3273433, at *2. This Court affirmed. *Id.* at *9.

The trial court summarized the procedural history of this matter as follows:

> On February 17, 2022, [Appellant] filed a [*pro se*] complaint claiming [Appellees and Woo] violated the Pennsylvania Unfair Trade Practices And Consumer Protection Law ("UTPCPL") while providing dental services to [Appellant]. On April 7, 2022, [Appellees] filed preliminary objections to [Appellant's] complaint.[fn1]
>
> > [fn1] On July 27, 2023 [Appellant] discontinued with prejudice his claims against [Woo].

Trial Ct. Op., 3/20/24, at 1.

We add that in his complaint, Appellant alleged that on February 25, 2016, Appellee Rubinstein "took a sharp dental pick with needle-sharp point and started sticking [the] needle-sharp instrument into [Appellant's] gums,

- 3 -

which "punctured and lacerated surfaces of [Appellant's] oral gums" causing bleeding. Compl., 2/17/22, at 11-14.

In their preliminary objections, Appellees argued that Appellant's complaint did not allege that Appellant suffered any ascertainable loss of money or property in support of his UTPCPL claim. *See* Appellees' Prelim. Objs., 4/7/22, at 2-3, 5-9. Appellees further contended that Appellant's claim was barred by *res judicata* because Appellant had made identical allegations against Appellees in a separate action. *Id.* at 3-4, 9-13.

On August 24, 2022, the trial court entered an order sustaining Appellees' preliminary objections and purporting to dismiss Appellant's complaint. However, at that time, Appellant's claims against Defendant Woo remained outstanding.[1] Eventually on July 27, 2023, Appellant filed a *praecipe* to discontinue matter against Defendant Woo. The trial court subsequently entered a "corrected order" on March 8, 2024, sustaining Appellees' preliminary objections and dismissing Appellant's complaint with prejudice.

Appellant filed a timely notice of appeal. The trial court did not order Appellant to comply with Pa.R.A.P. 1925(b). The trial court issued a Rule 1925(a) opinion explaining that it dismissed the complaint because Appellant failed to plead that he suffered any ascertainable loss of money, real property,

---

[1] Appellant filed a notice of appeal from the August 24, 2022 order, which this Court subsequently quashed as interlocutory because Appellant's claims against Defendant Woo remained outstanding. *See Kovalev v. Rubinstein*, 2396 EDA 2022, 2024 WL 708766, at *1-2 (Pa. Super. filed Feb. 21, 2024) (unpublished judgment order) (*Kovalev II*).

or personal property, which is required to recover under the UTPCPL. *See* Trial Ct. Op., 3/20/24, at 1-3.

Appellant raises the following issues on appeal:

1. Whether the [Appellant's] complaint alleges that [Appellant] suffered ascertainable financial losses?

2. Whether the [trial] court erred and/or abused its discretion by granting [Appellees'] preliminary objections based on wrong and erroneous claims that [Appellant] allegedly failed to plead loss of money or property at the time when [Appellant's] complaint clearly stated that [Appellant] suffered ascertainable financial losses?

3. Whether the [trial] court erred and/or abused its discretion by dismissing with prejudice the original complaint that was compliant with all pleadings requirements and without giving [Appellant] an opportunity to amend his complaint?

4. Whether the [trial] court erred and/or abused its discretion by granting [Appellees'] preliminary objections and dismissing the entire legal action, where such preliminary objections were not verified by any defendant in violation of the Pennsylvania Rule of Civil Procedure?

5. Whether the [trial] court erred and/or abused its discretion by denying to [Appellant] constitutionally guaranteed due process, access to court, and equal protection of laws?

Appellant's Brief at 5-6 (formatting altered).

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt,

and this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. ***Rambo v. Greene***, 906 A.2d 1232, 1235 (Pa. Super. 2006); ***see also Coulter v. Ramsden***, 94 A.3d 1080, 1086 (Pa. Super. 2014) (explaining that this Court reviews a trial court's exercise of discretion in granting a motion to dismiss for an abuse of discretion). Further, it is well-established that "we may affirm the decision of the trial court on any valid basis appearing of record." ***Louis Dreyfus Commodities Suisse SA v. Financial Software Sys., Inc.***, 99 A.3d 79, 82 (Pa. Super. 2014) (citation and quotation marks omitted) (***Louis Dreyfus***).

Pennsylvania Rule of Civil Procedure 233.1 provides, in relevant part:

**Rule 233.1. Frivolous Litigation. *Pro Se* Plaintiff. Motion to Dismiss**

(a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

(1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

(2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

Pa.R.C.P. 233.1(a).

This Court has explained:

Rule 233.1 was promulgated by our Supreme Court in 2010 to stem a noted increase in serial lawsuits of dubious merit filed by *pro se* litigants disaffected by prior failures to secure relief for injuries they perceived but could not substantiate. **See** Pa.R.C.P. 233.1 Comment. Accordingly, the drafting committee constructed

the Rule with attention to potential manipulation of the legal process by those not learned in its proper use, seeking to establish accountability for *pro se* litigants commensurate with that imposed upon members of the Bar. Thus, the Rule operates to spare potential defendants the need to defend spurious claims, first, by allowing the expeditious dismissal of duplicative *pro se* actions and, second, by empowering the trial court to ban the *pro se* litigant's commencement of further actions against such defendants.

*Gray v. Buonopane*, 53 A.3d 829, 835 (Pa. Super. 2012) (some citations omitted).

The *Gray* Court further explained that

neither the language of the Rule nor the explanatory comment mandate the technical identity of parties or claims imposed by *res judicata* or collateral estoppel; rather, it merely requires that the parties and the claims raised in the current action be "**related**" to those in the prior action and that those prior claims have been "**resolved**." Pa.R.C.P. 233.1(a). These two terms are noteworthy in their omission of the technical precision otherwise associated with claim and issue preclusion; whereas parties and/or claims are to be "identical" under the purview of those doctrines, Rule 233.1 requires only that they be sufficiently related to inform the trial court, in the exercise of its discretion, whether the plaintiff's claim has in fact been considered and "resolved." The drafting committee's recourse to the word "resolved" in this context is equally significant. In the Rule's requirement that the matter have been 'resolved pursuant to a written settlement agreement or a court proceeding,' the language assures that the pro se litigant is availed of a chance to address his claim subject to the contractual guarantee of a settlement agreement or to the procedural safeguards that attend a court proceeding. It does not require, however, that the matter has progressed to a final judgment on the merits, nor does it require the [identity] of the quality or capacity in the persons for or against whom the claim is made[.] In view of the circumstances under which the rule was promulgated, "the mischief to be remedied," and the object to be attained, we find these multiple omissions indicative of the manner in which the Supreme Court intends Rule 233.1 to operate . . . .

- 7 -

***Gray***, 53 A.3d at 836 (some citations omitted and emphases in original).

Based on our review of the record, we conclude that the claims that Appellant raised against Appellees in the instant action are related to the claims he raised against Appellees in the previous action. ***Compare*** Compl., 2/17/22, at 11-14 ***with Kovalev I***, 2024 WL 3273433, at *2, *5-7 (citing Appellant's amended complaint in the previous action). Further, that action was resolved in Appellees' favor after the trial court granted Appellees' motion for summary judgment, and this Court affirmed that order. ***See Kovalev I***, 2024 WL 3273433, at *2, *9. Lastly, consistent with Rule 233.1(a), Appellees argued in their preliminary objections that the complaint should be dismissed because Appellant raised related claims regarding Appellee Rubinstein's treatment of Appellant in the previous action. ***See*** Appellees' Prelim. Objs., 4/7/22, at 3-4, 9-13. Therefore, we conclude that that dismissal of Appellant's complaint is appropriate under Pa.R.C.P. 233.1(a). For these reasons, we affirm the trial court's order dismissing Appellant's complaint with prejudice, albeit on other grounds. ***See Louis Dreyfus***, 99 A.3d at 82 (explaining that this Court may affirm the trial court's decision on any valid basis appearing of record).[2]

Order affirmed. Jurisdiction relinquished.

---

[2] Because of our disposition, we need not address Appellant's issues relating to the trial court's order sustaining Appellees' preliminary objections as to his claim for damages under the UTPCPL and whether the trial court should have afforded Appellant the opportunity file an amended complaint pleading his damages with greater specificity.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/1/2025