J-S72002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SCOTT FLANAGAN, INDIVIDUALLY AND T/A FLANAGAN AUTO DETAILING | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| PEOPLES CHOICE FEDERAL CREDIT UNION | |
| Appellee | No. 797 MDA 2016 |

Appeal from the Order Dated April 13, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2014-03496

BEFORE: GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED NOVEMBER 02, 2016**

Appellant, Scott Flanagan, individually and trading as Flanagan Auto Detailing, appeals from the order of the Lackawanna County Court of Common Pleas, in this breach of contract action, that sustained the preliminary objections of Appellee, Peoples Choice Federal Credit Union, to Appellant's amended complaint and dismissed the amended complaint with prejudice. We affirm.

The relevant facts and procedural history of this case are as follows. In 2014, Appellant initiated an action against Appellee before a district magistrate. On June 4, 2014, the district magistrate entered judgment in favor of Appellant and against Appellee in the amount of $6,336.50.

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant filed a timely notice of appeal in the Lackawanna County Court of Common Pleas on June 25, 2014; and on July 7, 2014, Appellant filed a complaint against Appellee for breach of contract. On August 11, 2014, Appellee filed preliminary objections to Appellant's complaint, in which Appellee asserted Appellant had failed to plead sufficiently specific facts and attach to the complaint copies of documents to demonstrate a contract between the parties existed. Appellant opposed the preliminary objections. By order dated May 21, 2015, the court sustained Appellee's preliminary objections with leave to file an amended complaint within 30 days.

On July 10, 2015, Appellant filed an untimely amended complaint for breach of contract and assumpsit. In Count I of the amended complaint, Appellant asserted that on January 7, 2014, Appellee gave written notice to its members and the public of its intention to solicit bids on a 2010 Ford Focus. Appellant attached to the amended complaint a copy of Appellee's "Invitation to Bid," addressed to members of the Appellee credit union, which provided that Appellee would take bids on the vehicle on February 14, 2014, and sell the vehicle to the bidder whose bid was closest to the asking price of $12,075.00. Appellant claimed he gave Appellee an oral bid of $6,500.00 before the deadline, and Appellee indicated it would accept and seal Appellant's bid. Appellant alleged that Appellee had previously accepted oral bids from Appellant on behalf of his customers. Appellant averred that, on February 14th, Appellee informed Appellant that his bid was insufficient,

even though it was the closest to the asking price. Appellant maintained in the amended complaint that Appellee had entered into a contract with him for the sale of the Ford Focus because Appellee had agreed to accept the closest bid to the asking price, and his bid was the closest bid. Appellant charged Appellee with breach of that contract between the parties and demanded an award of damages in the amount of $5,575.00, representing the difference between his bid of $6,500.00 and the asking price of $12,075.00, plus interest, costs, and fees.

In Count II of the amended complaint, Appellant claimed he detailed, stored, and displayed the 2010 Ford Focus at Appellee's request, pending its sale. Appellant asserted he inferred, and the surrounding circumstances implied, that Appellee would pay Appellant to detail, store, and display the vehicle. Appellant averred Appellee failed to pay Appellant for these services and is liable to Appellant in the amount of $600.00, plus interest, costs, and fees, for detailing, storing, and displaying the Ford Focus.

Appellee filed preliminary objections to Appellant's amended complaint on August 18, 2015. In its preliminary objections, Appellee asserted Appellant failed to plead sufficiently specific facts in the amended complaint, and Appellant lacked capacity to sue. Appellee claimed Appellant failed to allege in the amended complaint that he was a member of the Appellee credit union. Appellee submitted Appellant also failed to plead specific facts to establish that Appellant, as a non-member of the credit union, was

entitled to bid on the Ford Focus. Appellee also averred Appellant failed to plead sufficient facts to establish when and where: (a) Appellee allegedly made the Invitation to Bid open to the general public; and (b) Appellee had previously accepted bids from Appellant on behalf of his customers. Appellant filed a brief in opposition to Appellee's preliminary objections to the amended complaint on November 12, 2015.

By order dated April 13, 2016, the court sustained Appellee's preliminary objections to the amended complaint and dismissed it with prejudice. Appellant filed a timely notice of appeal on May 12, 2016. On June 13, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); and Appellant timely complied on June 15, 2016.

Appellant raises two issues for our review:

> WHETHER THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN SUSTAINING…APPELLEE'S PRELIMINARY OBJECTIONS, ON THE GROUND OF LACK OF CAPACITY TO SUE, WHERE APPELLEE FAILED TO RAISE SUCH CHALLENGE IN ITS ORIGINAL PRELIMINARY OBJECTIONS TO APPELLANT'S COMPLAINT AND APPELLANT CAN SUE AND OBTAIN RELIEF UNDER THEORIES OF BREACH OF CONTRACT AND ASSUMPSIT?
>
> WHETHER THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN HOLDING THE AMENDED COMPLAINT WAS NOT SUFFICIENTLY SPECIFIC TO ENABLE…APPELLEE TO PREPARE A DEFENSE?

(Appellant's Brief at 4).

In his first issue, Appellant argues Appellee improperly challenged

Appellant's capacity to sue in its preliminary objections to the amended complaint. Appellant claims Appellee should have raised all objections applicable to the original complaint, including Appellant's capacity to sue, in Appellee's preliminary objections to the initial complaint. Even if Appellee properly raised its objection to Appellant's capacity to sue, Appellant avers Appellee's challenge fails because Appellant has the capacity to sue as a living adult person without disability. Appellant also submits Appellee confused capacity to sue with the concept of standing, which Appellee could not have raised in preliminary objections because standing is not an enumerated ground for preliminary objections under Pa.R.C.P. 1028(a).[1]

In his second issue, Appellant argues his amended complaint is sufficiently specific. Appellant maintains he sufficiently alleged facts in his amended complaint to establish how Appellee provided the Invitation to Bid to the public. Appellant also avers Appellee is not entitled to more detail in the amended complaint regarding the Invitation to Bid because Appellee

_____

[1] In its preliminary objections to Appellant's amended complaint, Appellee challenged Appellant's capacity to sue in light of the Invitation to Bid. Appellee asserted the Invitation to Bid was addressed to members of the Appellee credit union; and Appellant was not a member. Appellee claimed Appellant consequently did not have the capacity to sue Appellee for an alleged breach of contract based on the Invitation to Bid. Appellant did not reference the Invitation to Bid in the original complaint; Appellant also did not attach a copy of the Invitation to Bid to the original complaint. As a result, Appellee did not raise issues stemming from the Invitation to Bid in its preliminary objections to the initial complaint. Thus, Appellee properly raised objections arising from the Invitation to Bid in its preliminary objections to the amended complaint.

knows those details. Appellant concludes this Court should vacate the order dismissing his amended complaint and remand with instructions to Appellee to file an answer to the amended complaint within 20 days. We disagree.

Our scope and standard of review in examining a challenge to an order sustaining preliminary objections are as follows:

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. ***Clemleddy Constr., Inc. v. Yorston***, 810 A.2d 693 (Pa.Super. 2002)[, *appeal denied*, 573 Pa. 682, 823 A.2d 143 (2003)]. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt, and this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. ***Id.***

***Rambo v. Greene***, 906 A.2d 1232, 1235 (Pa.Super. 2006).

Pennsylvania Rule of Civil Procedure 1028 governs preliminary objections, and states, in relevant part, as follows:

**Rule 1028. Preliminary Objections**

(a)    Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

* * *

   (3)    insufficient specificity in pleadings;

* * *

   (5)    lack of capacity to sue…;

* * *

(b)  All preliminary objections shall be raised at one time. They shall state specifically the grounds relied upon and may be inconsistent.  Two or more preliminary objections may be raised in one pleading.

\* \* \*

(f)  Objections to any amended pleading shall be made by filing new preliminary objections.

Pa.R.C.P. 1028(a)(3), (a)(5), (b), (f).  Concerning our review of a challenge to an order sustaining preliminary objections for insufficient specificity, we have stated:

The pertinent question under Rule 1028(a)(3) is "whether the complaint is sufficiently clear to enable the defendant to prepare his defense," or "whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." ***Ammlung v. City of Chester***,…302 A.2d 491, 498 n. 36 ([Pa.Super.] 1973) (quoting 1 Goodrich–Amram § 1017(b)–9).

***Rambo, supra*** at 1236.

The pleadings standards set forth in Pa.R.C.P. 1019 provide, in relevant part:

**Rule 1019.  Contents of Pleadings.  General and Specific Averments**

(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.

\* \* \*

(f) Averments of time, place and items of special damage shall be specifically stated.

* * *

(h) When any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written.

*Note*: If the agreement is in writing, it must be attached to the pleadings. See subdivision (i) of this rule.

(i) When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.C.P. 1019(a), (f), (h), (i). Rule 1019 specifically requires:

the pleader to disclose the material facts sufficient to enable the adverse party to prepare his case. A complaint therefore must do more than give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. It should formulate the issues by fully summarizing the material facts. Material facts are ultimate facts, *i.e.*, those facts essential to support the claim. Evidence from which such facts may be inferred not only need not but should not be alleged…. Allegations will withstand challenge under [Rule] 1019(a) if (1) they contain averments of all of the facts the plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense.

*Lerner v. Lerner*, 954 A.2d 1229, 1235-36 (Pa.Super. 2008). Material facts include all the facts a plaintiff will eventually have to prove in order to recover. *Id.* at 1236.

"To maintain a cause of action in breach of contract, a plaintiff must establish: (1) the existence of a contract, including its essential terms; (2) a

breach of a duty imposed by the contract; and (3) resulting damages." **Lackner v. Glosser**, 892 A.2d 21, 30 (Pa.Super. 2006) (citing **Gorski v. Smith**, 812 A.2d 683, 692 (Pa.Super. 2002), *appeal denied*, 579 Pa. 692, 856 A.2d 834 (2004)). "For a contract to be enforceable, the nature and extent of the mutual obligations must be certain, and the parties must have agreed on the material and necessary details of their bargain." **Lackner, supra** (citing **Peck v. Delaware County Board of Prison Inspectors**, 572 Pa. 249, 260, 814 A.2d 185, 191 (2002)). "An enforceable contract requires, among other things, that the terms of the bargain be set forth with sufficient clarity." **Lackner, supra** at 30-31 (citing **Biddle v. Johnsonbaugh**, 664 A.2d 159, 163 (Pa.Super. 1995)). Clarity is particularly important where an oral contract is alleged. **Snaith v. Snaith**, 422 A.2d 1379, 1382 (Pa.Super. 1980).

There must be a "meeting of the minds" for an agreement to exist. **Accu-Weather, Inc. v. Thomas Broadcasting Co.**, 625 A.2d 75, 78 (Pa.Super. 1993).

> [T]he very essence of an agreement is that the parties mutually assent to the same thing…. Without such assent there can be no [enforceable] agreement…. The principle that a contract is not binding unless there is an offer and an acceptance is to ensure that there will be mutual assent….
>
> [I]t is equally well-established that an offer may be accepted by conduct and what the parties do pursuant to the offer is germane to show whether the offer is accepted.

> With these precepts in mind, we look to the parties' "course of conduct" to assess the presence of a contract.

*Id.* (internal citations and quotation marks omitted). "In cases involving contracts wholly or partially composed of oral communications, the precise content of which are not of record, courts must look to surrounding circumstances and course of dealing between the parties in order to ascertain their intent." **Boyle v. Steiman**, 631 A.2d 1025, 1033 (Pa.Super. 1993), *appeal denied*, 538 Pa. 663, 649 A.2d 666 (1994) (holding prior course of dealings between parties supported appellees' claim of contract formation between parties). Additionally:

> A contract implied in fact can be found by looking to the surrounding facts of the parties' dealings.[7] Offer and acceptance need not be identifiable and the moment of formation need not be pinpointed. Implied contracts…arise under circumstances which, according to the ordinary course of dealing and the common understanding of [people], show a mutual intention to contract.
>
> [7] A contract implied in fact has the same legal effect as any other contract. It differs from an express contract only in the manner of its formation. An express contract is formed by either written or verbal communication. The intent of the parties to an implied in fact contract is inferred from their acts in light of the surrounding circumstances.

**Ingrassia Const. Co., Inc. v. Walsh**, 486 A.2d 478, 483 (Pa.Super. 1984) (internal citations and quotation marks omitted).

Instantly, the trial court reasoned as follows:

> Here, [Appellant] has attached to his Amended Complaint a copy of an invitation to bid on the Ford Focus being sold by [Appellee] at auction. This invitation to bid, however,

specifically states that the auction is open to all members of the [Appellee] credit union. Significantly, at no time has [Appellant] alleged that he is or ever was a member of the credit union. Instead, [Appellant] avers that the credit union gave written notice of the invitation to bid not only to members of the credit union, but also to members of the public at large. [Appellant] has failed, though, to plead facts sufficient for [Appellee] to determine when and where such alleged notice was made to the public. We previously sustained [Appellee]'s Preliminary Objections [to Appellant's initial complaint] on the same grounds and gave [Appellant] an opportunity to file a sufficiently amended pleading. Because [Appellant] did not, we sustained [Appellee]'s Preliminary Objections [to Appellant's amended complaint] and dismissed [Appellant]'s Amended Complaint.

(Trial Court Opinion, filed July 29, 2016, at 3) (citations to record omitted). The record supports the trial court's rationale. Moreover, Appellant alleged no facts in the amended complaint concerning the circumstances of the course of conduct between the parties regarding his claim that previously Appellee had accepted verbal bids from Appellant on vehicles Appellee sold at auction. Likewise, Appellant failed to allege the circumstances of the alleged prior course of conduct between the parties regarding what if anything Appellee had agreed to pay, or had paid Appellant in the past, to detail, store, and display vehicles Appellee auctioned. Consequently, Appellant failed to plead sufficiently specific facts to establish the existence of an oral contract and/or implied contract between the parties. ***See Lackner, supra***.

Based on the foregoing, the trial court properly concluded Appellant's amended complaint lacked sufficient specificity and, as pled, failed to sustain

- 11 -

a cause of action for either count. Accordingly, we affirm the order sustaining Appellee's preliminary objections and dismissing Appellant's amended complaint with prejudice.[2] **See Rambo, supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2016

_____

[2] Due to our disposition, we decline to address as unnecessary Appellant's argument concerning the legal concepts of capacity to sue and standing.